**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **JOSEPH MURPHY, et al,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 08-CIV-4196 (GEL)** |
| | ) | |
| **ALLIED WORLD ASSURANCE** | ) | |
| **COMPANY (U.S.), INC. and ARCH** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

**DEFENDANT ARCH INSURANCE COMPANY'S ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Arch Insurance Company ("Arch"), by and through undersigned

counsel, answers and responds to the First Amended Complaint filed by Plaintiffs Joseph

Murphy, William M. Sexton, Dennis A. Klejna, Gerald Sherer, Philip Silverman, Richard

N. Outridge, Tone Grant, Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott J.

Jaeckel, Thomas H. Lee, Ronald L. O'Kelley, and Scott A. Schoen (collectively,

"Plaintiffs").  Arch responds to the numbered allegations contained in the First Amended

Complaint as follows, with the paragraph numbers corresponding to those used in the

First Amended Complaint.  Each and every allegation of the First Amended Complaint

not specifically admitted below is denied.

1.      Arch admits that it issued a fourth excess D&O liability policy to Refco,

Inc. for the period August 11, 2005 to August 11, 2006.  Upon information and belief,

Arch admits the remaining allegations in paragraph 1.

2.      Arch admits that it issued Excess Insurance Policy No. DOX0009322-00 to Refco (the "Arch Policy"), the terms, conditions and exclusions of which speak for themselves.  Arch further admits that certain individuals claiming to be insureds under the Arch Policy have sought coverage under the Arch Policy for certain lawsuits and proceedings that are referred to by Plaintiffs in the First Amended Complaint as the "Underlying Actions."  Arch denies that Plaintiffs are entitled to any coverage under the Arch Policy for the Underlying Actions, including coverage for defense costs incurred in connection with the Underlying Actions.  Arch admits that it has denied coverage for the Underlying Actions.  Arch also denies that any documents denoted as "Exhibit A" or "Exhibit B" are attached to the First Amended Complaint.  Arch denies the remaining allegations in paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3.      Upon information and belief, Arch admits that the bankruptcy court granted certain motions for summary judgment in the proceedings *Axis Reinsurance Company v. Bennett, et al.*, *Grant v. Axis Reinsurance Company*, and *Breitman v. Axis Reinsurance Company*.  Arch refers to the orders issued by the bankruptcy court on summary judgment in those proceedings for a true and complete statement of their contents.  To the extent a further response is required, Arch denies the remaining allegations in paragraph 3 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

4.      Arch admits that it has received copies of certain correspondence concerning payments made by insurance carriers who issued primary, first excess and second excess D&O policies to Refco, the contents of which speak for themselves.  Arch

2

denies that the limits of liability of such policies have been exhausted by payment of losses covered under those policies. Arch denies the remaining allegations in paragraph 4 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

5.    Upon information and belief, Arch admits that Plaintiffs have submitted defense invoices to AWAC. Arch denies the remaining allegations in paragraph 5 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

6.    Upon information and belief, Arch admits that the bankruptcy court entered an order on April 21, 2008 granting Plaintiffs' motion for preliminary injunction against AWAC. Arch refers to the order issued by the bankruptcy court for a true and complete statement of its contents. To the extent a further response is required, Arch denies the remaining allegations in paragraph 6 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

7.    Arch admits that it has denied coverage for the Underlying Actions. The grounds for its denial are set forth in various letters and other communications that have been provided to Plaintiffs and/or their counsel, as well as in Arch's first amended complaint filed on February 22, 2008 in the action captioned *Arch Insurance Company v. Agoglia, et al.*, Index No. 08/600029 (N.Y. Sup. Ct.). Arch refers to those communications and that pleading, which speak for themselves. Arch admits that one of the grounds for its coverage denial is the "Prior Knowledge Exclusion" set forth in Endorsement No. 3 to the "AWAC Policy," which is the excess policy immediately underlying the Arch Policy.

8.     The allegations in paragraph 8 consist of legal conclusions to which no response is required.  To the extent a response is required, Arch admits that an actual controversy exists between Arch and Plaintiffs.  Arch denies that Plaintiffs are entitled to the relief that they seek in this lawsuit.  Arch further denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

9.     The allegations in paragraph 9 consist of legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 9.

10.     The allegations in paragraph 10 consist of legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 10.

11.     The allegations in paragraph 11 consist of legal conclusions to which no response is required.  To the extent a response is required, Arch admits the allegations in paragraph 11.

12.     Arch denies the allegations in paragraph 12 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

13.     Arch denies the allegations in paragraph 13 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

14.     Arch denies the allegations in paragraph 14 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

15.     Upon information and belief, Arch admits the allegations in paragraph 15.

16.     Upon information and belief, Arch admits the allegations in paragraph 16.

4

17.     Arch denies the allegations in paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

18.     Upon information and belief, Arch admits the allegations in paragraph 18.

19.     Upon information and belief, Arch admits the allegations in paragraph 19.

20.     Upon information and belief, Arch admits the allegations in paragraph 20.

21.     Upon information and belief, Arch admits the allegations in paragraph 21.

22.     Upon information and belief, Arch admits the allegations in paragraph 22.

23.     Upon information and belief, Arch admits the allegations in paragraph 23.

24.     Upon information and belief, Arch admits the allegations in paragraph 24.

25.     Upon information and belief, Arch admits the allegations in paragraph 25.

26.     Arch denies the allegations in paragraph 26 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

27.     Arch admits that it is a Missouri corporation with its principal place of business in New York, New York.

28.     In response to the allegations in paragraph 28, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves.

29.     Upon information and belief, Arch admits the allegations in paragraph 29.

30.     Upon information and belief, Arch admits that, on October 17, 2005, Refco Inc. and certain of its subsidiaries filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code.  Arch refers to the petitions and other papers filed in the referenced bankruptcy proceedings, which speak for themselves.

31.     Upon information and belief, Arch admits that Plaintiffs have been named as defendants in certain civil actions related to the collapse of Refco.  Upon information

NEWYORK/#196864.1

and belief, Arch further admits that Plaintiff Grant was a defendant in a criminal action.
Arch refers to the pleadings and other papers filed in those actions, which speak for
themselves.  Arch denies the remaining allegations in paragraph 31 for lack of knowledge
or information sufficient to form a belief as to the truth of the matters asserted.

32.     Upon information and belief, Arch admits that some or all of Plaintiffs
have been named as defendants in some or all of the Civil Actions listed in paragraph 32.
Arch refers to the pleadings filed in the those actions, which speak for themselves.

33.     Arch denies that the Plaintiffs properly gave notice of the Underlying
Actions to Arch.  Arch denies that the Plaintiffs have requested that Arch advance
defense costs incurred in connection with the Underlying Actions.  Arch denies the
remaining allegations in paragraph 33 for lack of knowledge or information sufficient to
form a belief as to the truth of the matters asserted.

34.     Arch denies the allegations in paragraph 34 for lack of knowledge or
information sufficient to form a belief as to the truth of the matters asserted.

35.     In response to the allegations in paragraph 35, Arch states that the terms,
conditions and exclusions of the referenced insurance policy speak for themselves.  Arch
further denies that there is any document attached to the First Amended Complaint that
purports to be a copy of the U.S. Specialty Policy.

36.     Paragraph 36 contains legal conclusions to which no response is required.
To the extent a response is required, Arch states that the terms, conditions and exclusions
of the referenced insurance policy speak for themselves and otherwise denies the
allegations in paragraph 36.

NEWYORK/#196864.1

37.    Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves and otherwise denies the allegations in paragraph 37.

38.    Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves and otherwise denies the allegations in paragraph 38.

39.    Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves and otherwise denies the allegations in paragraph 39.

40.    In response to the allegations in paragraph 40, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves and otherwise denies the allegations in paragraph 40.

41.    Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves and otherwise denies the allegations in paragraph 41.

42.    In response to the allegations in paragraph 42, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves and otherwise denies the allegations in paragraph 42.

NEWYORK/#196864.1

43.     Upon information and belief, Arch admits that U.S. Specialty has made payments totaling $10 million to or on behalf of certain individuals claiming to be insureds under the U.S. Specialty Policy.  Arch denies that the limit of liability of the U.S. Specialty Policy has been exhausted by the payment of loss covered under the U.S. Specialty Policy.  Arch further denies the remaining allegations in paragraph 43 for lack of knowledge or information sufficient to form a belief as to the matters asserted.

44.     In response to the allegations in paragraph 44, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves.

45.     Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves and otherwise denies the allegations in paragraph 45.

46.     Upon information and belief, Arch admits that Lexington has made payments totaling $7.5 million to or on behalf of certain individuals claiming to be insureds under the Lexington Policy.  Arch denies that the limit of liability of the Lexington Policy has been exhausted by the payment of loss covered under the Lexington Policy.  Arch further denies the remaining allegations in paragraph 46 for lack of knowledge or information sufficient to form a belief as to the matters asserted.

47.     In response to the allegations in paragraph 47, Arch states that the terms, conditions and exclusions in the referenced insurance policy speak for themselves.

48.     Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, Arch states that the terms, conditions and exclusions

NEWYORK/#196864.1

of the referenced insurance policies speak for themselves and otherwise denies the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Arch refers to the pleadings in the referenced adversary proceeding, which speak for themselves.  Arch otherwise denies the allegations in paragraph 49 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

50.     In response to the allegations in paragraph 50, Arch refers to the pleadings and other papers filed in the referenced adversary proceedings, including the bankruptcy court's order concerning advancement of defense costs, which speak for themselves. Arch otherwise denies the allegations in paragraph 50 for lack of knowledge or sufficient information to form a belief as to the truth of the matters asserted.

51.     In response to the allegations in paragraph 51, Arch refers to the pleadings and other papers filed in the referenced adversary proceedings, which speak for themselves.  Arch otherwise denies the allegations in paragraph 51 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

52.     In response to the allegations in paragraph 52, Arch refers to the referenced orders, which speak for themselves.  Arch otherwise denies the allegations in paragraph 52 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

53.     Arch denies the allegations in paragraph 53 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

54.     Upon information and belief, Arch admits that Axis has made payments totaling $10 million to or on behalf of certain individuals claiming to be insureds under

9

the Axis Policy. Arch denies that the limit of liability of the Axis Policy has been exhausted by payment of loss covered under the Axis Policy. Arch denies the remaining allegations in paragraph 54 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

55.     In response to the allegations in paragraph 55, Arch refers to the terms, conditions and exclusions in the referenced insurance policy, which speak for themselves.

56.     In response to the allegations in paragraph 56, Arch refers to the terms, conditions and exclusions in the referenced insurance policy, which speak for themselves.

57.     Arch denies the allegations in paragraph 57 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

58.     Paragraph 58 contains legal conclusions to which no response is required. To the extent a response is required, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves and otherwise denies the allegations in paragraph 41.

59.     Paragraph 59 contains legal conclusions to which no response is required. To the extent a response is required, Arch states that the terms, conditions and exclusions of the referenced insurance policies speak for themselves and otherwise denies the allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves.

61.     Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, Arch states that the terms, conditions and exclusions

NEWYORK/#196864.1

of the referenced insurance policies speak for themselves and otherwise denies the allegations in paragraph 61.

62.     Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, Arch admits that each of the Underlying Actions is a "Claim," as that term is defined in the U.S. Specialty Policy.  Arch denies that each of the Underlying Actions is a "Claim" for "Wrongful Acts" covered by Insuring Agreement (A) in the U.S. Specialty Policy or by the Insuring Agreement in the AWAC Policy.

63.     In response to the allegations in paragraph 63, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves and otherwise denies the allegations in paragraph 41.

64.     Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is required, Arch refers to the terms, conditions and exclusions in the referenced insurance policy and otherwise denies the allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves and otherwise denies that allegations in paragraph 65.

66.     Arch admits that it issued the Arch Policy to Refco, Inc.  Arch refers to the terms, conditions and exclusions of the Arch Policy, which speak for themselves.

67.     In response to the allegations in paragraph 67, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves.

68.     Arch admits that the premium of $241,693.00 set forth in the Policy was paid.  Arch further admits that the payment of the premium is a condition precedent to

11

coverage under the Arch Policy but denies that the payment alone is sufficient to trigger coverage for the Underlying Actions.

69.    Paragraph 69 contains legal conclusions to which no response is required. To the extent a response is required, Arch states that the terms, conditions and exclusions of the referenced insurance policies speak for themselves and otherwise denies the allegations in paragraph 41.

70.    Paragraph 70 contains legal conclusions to which no response is required. To the extent a response is required, Arch states that the terms, conditions and exclusions of the referenced insurance policies speak for themselves.

71.    Paragraph 71 contains legal conclusions to which no response is required. To the extent a response is required, Arch states that the terms, conditions and exclusions of the referenced insurance policies speak for themselves and otherwise denies the allegations in paragraph 71.

72.    Paragraph 72 contains legal conclusions to which no response is required. To the extent a response is required, Arch admits that each of the Underlying Actions is a "Claim," as that term is defined in the U.S. Specialty Policy.  Arch denies that each of the Underlying Actions is a "Claim" for "Wrongful Acts" covered by Insuring Agreement (A) in the U.S. Specialty Policy or by the Insuring Agreement in the Arch Policy.  Arch states that the terms, conditions and exclusions of the referenced insurance policies speak for themselves and otherwise denies the allegations in paragraph 72.

73.    In response to the allegations in paragraph 73, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves.

NEWYORK/#196864.1

74.     In response to the allegations in paragraph 74, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves and otherwise denies the allegations in paragraph 74.

75.     Arch denies the allegations in paragraph 75 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

76.     Arch denies the allegations in paragraph 76 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

77.     Arch denies the allegations in paragraph 77 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

78.     Arch denies the allegations in paragraph 78 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

79.     Arch denies the allegations in paragraph 79 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

80.     Paragraph 80 contains a legal conclusion to which no response is required. To the extent that a response is required, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves and otherwise denies the allegations in paragraph 80.

81.     Arch denies the allegations in paragraph 81 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

82.     Arch admits that in various communications, including a letter dated March 9, 2006, it has taken the position that there is no coverage available under the Arch Policy for certain lawsuits and proceedings, including the Underlying Actions.  Those communications speak for themselves.

83.    Arch admits that the March 9, 2006 letter sets forth several bases for denying coverage under the Arch Policy for certain lawsuits and proceedings, including some or all of the Underlying Actions.  Arch refers to that letter, which speaks for itself. Arch otherwise denies the allegations in paragraph 83.

84.    In response to the allegations in paragraph 84, Arch states that the referenced letter speaks for itself and otherwise denies the allegations in paragraph 84.

85.    In response to the allegations in paragraph 85, Arch states that the referenced letters speak for themselves.  Arch admits, however, that in each of the referenced letters it has maintained its position that there is no coverage available under the Arch Policy for some or all of the Underlying Actions.

86.    Paragraph 86 contains legal conclusions to which no response is required. To the extent that a response is required, Arch denies the allegations in paragraph 86.

87.    Arch admits that it has denied coverage for the Underlying Actions and that it has no obligation under the Arch Policy to advance defense costs incurred in connection with the Underlying Actions.

88.    Arch incorporates by reference its responses to paragraphs 1 through 87.

89.    The allegations in paragraph 89 are not directed to Arch and therefore no response is required.  In addition, the allegations in paragraph 89 consist of legal conclusions to which no response is required.  To the extent that a response is required, Arch denies the allegations in paragraph 89.

90.    The allegations in paragraph 89 are not directed to Arch and therefore no response is required.  To the extent a response is required, upon information and belief, Arch admits U.S. Specialty, Lexington and Axis have made payments totaling $27.5

14

million to or on behalf of various individuals claiming to be insured under policies issued by those insurers. Arch denies that the limits of liability of the policies issued by U.S. Specialty, Lexington and Axis have been exhausted by the payment of loss covered under those policies. Arch denies the remaining allegations in paragraph 90 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

91. The allegations in paragraph 91 are not directed to Arch and therefore no response is required. To the extent a response is required, Arch denies the allegations in paragraph 91 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

92. The allegations in paragraph 92 are not directed to Arch and therefore no response is required. To the extent a response is required, Arch denies the allegations in paragraph 92.

93. The allegations in paragraph 93 are not directed to Arch and therefore no response is required. Paragraph 93 also contains legal conclusions to which no response is required. To the extent a response is required, Arch denies the allegations in paragraph 93 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

94. The allegations in paragraph 94 are not directed to Arch and therefore no response is required. Paragraph 94 also contains legal conclusions to which no response is required. To the extent that a response is required, Arch denies the allegations in paragraph 94 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

95.     The allegations in paragraph 95 are not directed to Arch and therefore no response is required.  Paragraph 95 also contains legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 95 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

96.     The allegations in paragraph 96 are not directed to Arch and therefore no response is required.  Paragraph 96 also contains legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 96 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

97.     The allegations in paragraph 97 are not directed to Arch and therefore no response is required.  Paragraph 97 also contains legal conclusions to which no response is required.  To the extent a response is required, Arch denies that Plaintiffs are entitled to the relief sought.

98.     Arch incorporates by reference its responses to paragraphs 1 through 97.

99.     The allegations in paragraph 99 are not directed to Arch and therefore no response is required.  Paragraph 99 also contains legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 99.

100.    The allegations in paragraph 100 are not directed to Arch and therefore no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 100 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

16

101.    The allegations in paragraph 101 are not directed to Arch and therefore no response is required.  Paragraph 101 also contains legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 101 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

102.    The allegations in paragraph 102 are not directed to Arch and therefore no response is required.  Paragraph 102 also contains legal conclusions to which no response is required.  To the extent a response is required, Arch denies Plaintiffs are entitled to the relief sought.

103.    Arch incorporates by reference its responses to paragraphs 1 through 102.

104.    The allegations in paragraph 104 are not directed to Arch and therefore no response is required.  Paragraph 104 also contains  legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 104.

105.    The allegations in paragraph 105 are not directed to Arch and therefore no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 105 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

106.    The allegations in paragraph 106 are not directed to Arch and therefore no response is required.  Paragraph 106 also contains legal conclusions to which no response is required.  To the extent a  response is required, Arch denies that Plaintiffs are entitled to the relief sought.

107.    Arch incorporates by reference its responses to paragraphs 1 through 106.

17

108.    The allegations in paragraph 108 are not directed to Arch and therefore no response is required.  Paragraph 108 also contains legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 108.

109.    The allegations in paragraph 109 are not directed to Arch and therefore no response is required.  Paragraph 109 also contains legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 109 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

110.    The allegations in paragraph 110 are not directed to Arch and therefore no response is required.  Paragraph 110 also contains legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 110 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

111.    The allegations in paragraph 111 are not directed to Arch and therefore no response is required.  Paragraph 111 also contains legal conclusions to which no response is required.  To the extent that a response is required, Arch denies the allegations in paragraph 111 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

112.    The allegations in paragraph 112 are not directed to Arch and therefore no response is required.  Paragraph 112 also contains legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph

NEWYORK/#196864.1

112 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

113.    The allegations in paragraph 113 are not directed to Arch and therefore no response is required. Paragraph 113 also contains legal conclusions to which no response is required. To the extent a response is required, Arch denies the allegations in paragraph 113.

114.    The allegations in paragraph 114 are not directed to Arch and therefore no response is required. Paragraph 114 also contains legal conclusions to which no response is required. To the extent a response is required, Arch denies the allegations in paragraph 114.

115.    The allegations in paragraph 115 are not directed to Arch and therefore no response is required. Paragraph 115 also contains legal conclusions to which no response is required. To the extent a response is required, Arch denies the allegations in paragraph 115 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

116.    The allegations in paragraph 116 are not directed to Arch and therefore no response is required. Paragraph 116 also contain legal conclusions to which no response is required. To the extent a response is required, Arch denies that Plaintiffs are entitled to the relief sought.

117.    Arch incorporates by reference its responses to paragraphs 1 through 116.

118.    Paragraph 118 contains legal conclusions to which no response is required. To the extent that a response is  required, Arch denies the allegations in

paragraph 118.  Arch also states that is has no obligation to provide coverage under the Arch Policy for the Underlying Actions.

119.    Paragraph 119 contains legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 119.  Arch also states that is has no obligation to provide coverage under the Arch Policy for the Underlying Actions.

120.    Paragraph 120 contains legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 120.  Arch also states that it has no obligation to provide coverage under the Arch Policy for the Underlying Action.

121.    Arch admits that all premiums for the Arch Policy have been paid.  The remaining allegations in paragraph 121 consist of legal conclusions to which no response is required.  To the extent that a response is required, Arch denies the allegations in paragraph 121.  Arch also states that the payment of premiums alone is not sufficient to trigger coverage under the Arch Policy for the Underlying Actions.

122.    Paragraph 122 contains legal conclusions to which no response is required.  To the extent that a response is required, Arch denies the allegations in paragraph 122.

123.    Paragraph 123 contains legal conclusions to which no response is required.  To the extent that a response is required, Arch states that the terms, conditions and exclusions of the Arch Policy speak for themselves. Arch also states that there is no coverage under the Arch Policy for the Underlying Actions.

124.    Paragraph 124 contains legal conclusions to which no response is required.  To the extent a response is required, Arch admits the allegations in paragraph 124.

125.    Paragraph 125 contains legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 125.  Arch further denies that Plaintiffs are entitled to the relief sought.

126.    Arch incorporates by reference its responses to paragraphs 1 through 125.

127.    Paragraph 127 contains legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 127.

128.    Arch admits that it has denied coverage for the Underlying Actions, including for defense costs incurred by Plaintiffs in connection with the Underlying Actions.  Arch denies that it has refused to make any payments that it is contractually obligated to make.

129.    Paragraph 129 contains legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 129.  Arch further denies that Plaintiffs are entitled to the relief sought.

130.    Arch incorporates by reference its responses to paragraphs 1 through 130.

131.    Paragraph 131 contains legal conclusions to which no response is required.  To the extent a response is  required, Arch denies the allegations in paragraph 131.  Arch also states that it has no obligation to provide coverage under the Arch Policy for the Underlying Actions.

21

132.    Arch admits that it has denied coverage for the Underlying Actions under the Arch Policy. Arch denies that it has "denied its contractual obligations." Arch further denies that it has any obligation under the Arch Policy to provide coverage for the Underlying Actions.

133.    Arch admits that all premiums for the Arch Policy have been paid. The remaining allegations in paragraph 133 contain legal conclusions to which no response is required. To the extent that a response is required, Arch denies the allegations in paragraph 133. Arch also states that the payment of the premiums alone is sufficient to trigger coverage under the Arch Policy for the Underlying Actions.

134.    Paragraph 134 contains legal conclusions to which no response is required. To the extent that a response is required, Arch denies the allegations in paragraph 134.

135.    Paragraph 135 contains legal conclusions to which no response is required. To the extent that a response is required, Arch states that the terms, conditions and exclusions of the Arch Policy speak for themselves. Arch also states that there is no coverage under the Arch Policy for the Underlying Actions.

136.    Paragraph 136 contains legal conclusions to which no response is required. To the extent a response is required, Arch denies the allegations in paragraph 136.

137.    Paragraph 137 contains legal conclusions to which no response is required. To the extent a response is required, Arch denies the allegations in paragraph 137.

NEWYORK/#196864.1

138.    Paragraph 138 contains legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 138.

139.    Paragraph 139 contains legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraph 139.

140.    Paragraphs 140 through 148 constitute Plaintiffs' prayer for relief to which no response is required.  To the extent a response is required, Arch denies the allegations in paragraphs 140 through 148.  Arch further denies that Plaintiffs are entitled to any relief from Arch, including but not limited to the relief specifically sought in paragraphs 140 through 148.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

141.    Plaintiffs fail to state a claim for which relief can be granted against Arch.

### SECOND AFFIRMATIVE DEFENSE

142.    Plaintiffs' claims against Arch are or may be barred in whole or in part by the doctrine of unclean hands, laches, waiver, or estoppel.

### THIRD AFFIRMATIVE DEFENSE

143.    Plaintiffs' claims against Arch are or may be barred in whole or in part because Arch has no contractual obligation to provide coverage until the **Underlying Limit** of the **Underlying Insurance** is exhausted.  Section I.B of the Policy provides:

> The insurance coverage afforded by this Policy shall apply only after exhaustion of the **Underlying Limit** solely as a result of actual payment, in legal currency, under the **Underlying Insurance** in connection with **Claim(s)** and after the **Insureds** shall have paid the full amount of any applicable deductible or self insured retentions.

23

Arch Policy, Section I.B.

### FOURTH AFFIRMATIVE DEFENSE

144.    Plaintiffs' claims against Arch are or may be barred in whole or in part to the extent the **Underlying Limit** of the **Underlying Insurance** has not been properly exhausted by payment of **Loss** covered under the **Underlying Insurance**.

### FIFTH AFFIRMATIVE DEFENSE

145.    Plaintiffs' claims against Arch are or may be barred in whole or in part to the extent the coverage sought exceeds the Arch Policy's maximum limit of liability of $10 million.

### SIXTH AFFIRMATIVE DEFENSE

146.    Plaintiffs' claims against Arch are barred by the Arch Prior Knowledge Exclusion, which provides:

> If any **Insured** as of August 11, 2005 has any knowledge of or information concerning any act, error, omission, fact, matter or circumstance that might give rise to a **Claim** under this Policy, the Excess Insurer shall not be liable to make any payment under this Policy as a result of a Claim arising out of, based upon or attributable to any such act, error, omission, fact, matter or circumstance.

Arch Policy, Endorsement 4.

### SEVENTH AFFIRMATIVE DEFENSE

147.    Plaintiffs' claims against Arch are barred by the AWAC Prior Knowledge Exclusion, which provides:

> It is hereby understood and agreed that the **Insurer** shall not be liable for **Loss** in connection with any claim or claims made against the **Insureds**:
>
> > (a)    alleging, arising out of, based upon, in consequence of, or attributable to facts or circumstances of which any Insured had knowledge as of inception and (i) which a reasonable person would suppose might afford valid grounds for a claim which would fall within the scope of

24

the coverage hereunder, or (ii) which indicate the
probability of any such claim.

AWAC Policy, Endorsement 3.

## EIGHTH AFFIRMATIVE DEFENSE

148.    Plaintiffs' claims against Arch are barred because Arch has a duty to

advance only covered **Defense Costs**.  The Primary Policy provides:

(1)    The Insurer will have not duty under this Policy to defend any
**Claim**. . . .

(2)    The Insurer will pay covered **Defense Costs** on an as-incurred
basis.  If it is finally determined that any **Defense Costs** paid by
the Insurer are not covered under this Policy, the **Insureds** agree to
repay such non-covered **Defense Costs** to the Insurer.

U.S. Specialty Policy, Condition (D).

## NINTH AFFIRMATIVE DEFENSE

149.    Plaintiffs' claims against Arch are or may be barred in whole or in part to

the extent that Plaintiffs seek coverage for matters that do not constitute **"Claims** . . . for

**Wrongful Acts**."  U.S. Specialty Policy, Insuring Agreement (A); *id*., Definitions (B),

(P).

## TENTH AFFIRMATIVE DEFENSE

150.    Plaintiffs' claims against Arch are or may be barred in whole or in part to

the extent that Plaintiffs seek coverage for **Claims** that were not "first made during the

**Policy Period.**"  U.S. Specialty Policy, Insuring Agreement (A).

## ELEVENTH AFFIRMATIVE DEFENSE

151.    Plaintiffs' claims against Arch are or may be barred in whole or in part to

the extent that Plaintiffs seek coverage for amounts that do not constitute "**Loss.**"  U.S.

Specialty Policy, Definition (G), as amended by Endorsement No. 4.

## TWELFTH AFFIRMATIVE DEFENSE

152.    Plaintiffs' claims against Arch are or may be barred in whole or in part to the extent that Plaintiffs are not "**Insured Persons**."  U.S. Specialty Policy, Definition (F).

## THIRTEENTH AFFIRMATIVE DEFENSE

153.    Plaintiffs' claims against Arch are or may be barred in whole or in part because Arch "will not be liable to make any payment of **Loss** in connection with a **Claim** . . . arising out of, based upon or attributable to the commission by any **Insured** of any criminal or deliberately fraudulent or dishonest act; provided, that this [exclusion] will apply only if there has been a final adjudication adverse to such **Insured** establishing that the **Insured** so acted."  U.S. Specialty Policy, Exclusion (B).

## FOURTEENTH AFFIRMATIVE DEFENSE

154.    Plaintiffs' claims against Arch are or may be barred in whole or in part because Arch "will not be liable to make any payment of **Loss** in connection with a **Claim** . . . arising out of based upon or attributable to the gaining by any **Insured** of any profit or advantage to which the **Insured** was not legally entitled; provided, that this [exclusion] will apply only if there has been a final adjudication adverse to such **Insured** establishing that the **Insured** gained such a profit or advantage."  U.S. Specialty Policy, Exclusions, Section (A).

## FIFTEENTH AFFIRMATIVE DEFENSE

155.    Plaintiffs' claims against Arch are or may be barred in whole or in part by the January 14, 2005 warranty letter from Refco Group Ltd. LLC to Axis, which was signed by Bennett.

## SIXTEENTH AFFIRMATIVE DEFENSE

156.     Plaintiffs' claims against Arch are or may be barred in whole or in part

because Arch will not be liable to make any payment of **Loss** in connection with a **Claim**

> brought by or on behalf of, or in the name or right of, the Company, whether directly or derivatively, or any **Insured Person**, unless such **Claim** is:  (1) brought and maintained independently of, and without the solicitation of, assistance or active participation of, the **Company** or any **Insured Person**, or (2) for an actual or alleged wrongful termination of employment, or (3) brought or maintained by an **Insured Person** for contribution or indemnity and directly results from another **Claim** covered under this Policy, or (4) brought and maintained by an employee of the **Company** solely to enforce his or her rights as a holder of securities issued by the **Company**; provided that this [exclusion] will not apply to **Claims** brought by a trustee in bankruptcy, receiver, conservator, rehabilitator, liquidator or other similar official duly appointed with respect to the **Company**.

U.S. Specialty Policy, Exclusion (F).

## SEVENTEENTH AFFIRMATIVE DEFENSE

157.     Plaintiffs' claims against Arch are or may be barred in whole or in part by

the Prior Notice Exclusion in Endorsement 2 of the Arch Policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

158.     Plaintiffs' claims against Arch are or may be barred in whole or in part by

the Pending and Prior Litigation Exclusion in Endorsement 1 of the Arch Policy.

## NINETEENTH AFFIRMATIVE DEFENSE

159.     Plaintiffs' claims against Arch are or may be barred in whole or in part to

the extent Plaintiffs have failed to give Arch timely and proper notice of the Underlying

Actions.  U.S. Specialty Policy, Condition (B).

NEWYORK/#196864.1

## TWENTIETH AFFIRMATIVE DEFENSE

160.    Plaintiffs' claims against Arch are or may be barred in whole or in part to the extent Plaintiffs have entered into settlements in the Underlying Actions without obtaining Arch's prior written consent.  U.S. Specialty Policy, Condition (B).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

161.    Plaintiffs' claims against Arch are or may be barred in whole or in part to the extent that Arch is entitled to an allocation between "**Loss** covered by [the Arch Policy] and loss not covered by the [Arch Policy]" for amounts incurred in connection with the Underlying Actions.  U.S. Specialty Policy, Condition (D)(3).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

162.    Plaintiffs' claims against Arch are or may be barred in whole or in part to the extent Plaintiffs are insured in connection with the Underlying Actions by other valid and collectible insurance.  U.S. Specialty Policy, Condition (B).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

163.    The specified coverage provided under the Policy is subject to and limited by all of its terms, conditions and exclusions.  There may be other terms, conditions and exclusions of the Policy that operate to bar or limit coverage for some or all of the amounts for which Plaintiffs seek coverage of which Arch is presently unaware.  Arch reserves its right to raise affirmatively other terms, conditions and exclusions as defenses to coverage as appropriate.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

164.    Arch reserves the right to assert affirmatively any other matter that constitutes an avoidance or affirmative defense under applicable laws and rules.

NEWYORK/#196864.1

WHEREFORE, Arch respectfully requests that the Court dismiss the First

Amended Complaint with prejudice, award Arch its fees and costs, and grant Arch such

other relief as the Court deems proper.


Date:  June 12, 2008                                    Respectfully submitted,

                                                       By:___/s/  John H. Eickemeyer_____
                                                              John H. Eickemeyer  (JE-8302)
                                                              Daniel C. Green  (DG-0059)
                                                              Vedder Price P.C.
                                                              1633 Broadway, 47th Floor
                                                              New York, New York 10019
OF COUNSEL:                                                    (212) 407-7700

Daniel J. Standish
Marc E. Rindner
Cara Tseng Duffield
Wiley Rein LLP
1776 K Street, N.W.
Washington, D.C. 20006
(202) 719-7000

                                                       *Counsel for Defendant Arch Insurance
                                                       Company*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JOSEPH MURPHY, et al,** )<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**ALLIED WORLD ASSURANCE** )<br>**COMPANY (U.S.), INC. and ARCH** )<br>**INSURANCE COMPANY,** )<br>)<br>**Defendants** )<br>) | **No. 08-CIV-4196 (GEL)** |

**CERTIFICATE OF SERVICE**

1.      I, Daniel C. Green, hereby declare, pursuant to 28 U.S.C. 1746, under penalty of perjury, as follows:

2.      On June 12, 2008, I caused a copy of the foregoing **ANSWER OF DEFENDANT ARCH INSURANCE COMPANY TO PLAINTIFFS' FIRST AMENDED COMPLAINT** to be served upon all parties who have made appearances in the above-captioned action by electronically filing same, thereby ensuring that counsel to each such party, received same, as registered e-filers who are registered to receive e-notices in this case;

3.      On June 12, 2008, I caused copies of the foregoing **ANSWER OF DEFENDANT ARCH INSURANCE COMPANY TO PLAINTIFFS' FIRST AMENDED COMPLAINT** to be served upon all parties who have not yet made appearances in the above-captioned case by depositing true copies of same into the custody of the United States Postal Service, addressed as follows:

>       William Fleming, Esq.
>       Gage, Spencer & Fleming, LLP
>       410 Park Avenue, 9th Floor
>       New York, NY  10022-4900
>       *Attorneys for Defendants John D. Agoglia and Peter McCarthy*
>
>       Martin R. Bennett
>       Kugle, Skelton & Bennett, PC
>       130 E. Corsicana, Ste. 302
>       Athens, Texas  75751
>       *Attorneys for Nominal Defendant Edwin L. Cox*

30

Sukhmeet Dhillon
2 Glastonbury Place
Laguna Niguel, CA  92677-5310
*Nominal Defendant*

Thomas C. Wolford
Neal, Gerber & Eisenberg, LLP
2 North LaSalle Street
Chicago, IL  60602
*Attorneys for Nominal Defendant Thomas H. Dittmer*

Lawrence J. Kotler, Esq.
Duane, Morris & Heckscher LLP
30 South 17th Street
Philadelphia, PA  19103
*Attorneys for Nominal Defendant Stephen Grady*

Eric G. Lipoff
16 Clay
Irvine, CA  92620-3322
*Nominal Defendant*

Frank Mutterer
2043 Bay Blvd.
Seaside Heights, NJ  08751-1001
*Nominal Defendant*

DATED:  June 12, 2008

    /s/  Daniel C. Green
Daniel C. Green

NEWYORK/#196864.1