Robert W. DiUbaldo
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant
750 Lexington Avenue, 8th floor
New York, New York 10022
(212) 308-4411

Attorneys for Defendant Allied World Assurance Company (U.S.), Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x
JOSEPH MURPHY, et al.,

    Plaintiffs,

v.

ALLIED WORLD ASSURANCE
COMPANY (U.S.), INC. and ARCH
INSURANCE COMPANY,

    Defendants.
-------------------------------------------------x

Case No. 1:08-cv-4196 (GEL)

AMENDED ANSWER TO FIRST
AMENDED COMPLAINT

## FIRST DEFENSE

Defendant Allied World Assurance Company (U.S.), Inc. ("Allied World") answers the first amended complaint of plaintiffs as follows:

1. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the complaint, except admits that Allied World provided excess directors and officers liability insurance to Refco Inc. ("Refco") for the policy period of August 11, 2005 to August 11, 2006 pursuant to Excess Directors and Officers Insurance Company Reimbursement Policy No. AW0418197 (the "Allied World Policy" or the "Policy"), that Refco undertook its initial public offering in August 2005, that Arch Insurance Company ("Arch") provided directors and officers liability insurance to Refco, that plaintiffs have been named in

299916.2

various civil proceedings and, in the case of Tone Grant, a criminal proceeding, related to the collapse of Refco (the "Underlying Actions").

2. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the complaint, except admits that plaintiffs have sought coverage and advancement of defense costs from Allied World for the Underlying Actions, that Allied World denied coverage for the Underlying Actions and refused to advance defense costs to plaintiffs, but denies that each of the Underlying Actions constitutes a "Claim" under the Policy and that Allied World has continued to refuse to advance defense costs pursuant to the Bankruptcy Court's order.

3. The Court's rulings in the actions between Axis Reinsurance Company ("Axis") and plaintiffs speak for themselves and to the extent the allegations in paragraph 3 of the complaint are inconsistent therewith, Allied World denies them.

4. Lacks knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the complaint, except admits Allied World was notified by certain underlying insurers, including Axis, that the limits of their policies issued to Refco have been exhausted.

5. Denies the allegations of paragraph 5 of the complaint, except admits Allied World has denied coverage to plaintiffs for the Underlying Actions and that plaintiffs have submitted invoices for defense costs to Allied World.

6. Admits the allegations of paragraph 6 of the complaint.

7. In response to paragraph 7 of the complaint, does not respond to the extent the allegation is directed at Arch; but if a responsive pleading is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

8. In response to paragraph 8 of the complaint, Allied World does not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the complaint, except admits that plaintiffs seek the relief stated.

9. In response to paragraph 9 of the complaint, does not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, denies the allegations of paragraph 9 of the complaint.

10. In response to paragraph 10 of the complaint, does not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, denies the allegations of paragraph 10 of the complaint.

11. In response to paragraph 11 of the complaint, does not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, denies the allegations of paragraph 11 of the complaint.

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 12-25, except admits that plaintiffs are former officers and directors of Refco.

13. Admits the allegations of paragraph 26 of the complaint.

14. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the complaint.

15. As to the allegations of paragraph 28 of the complaint, Allied World states that the Policy is in writing and speaks for itself and that to the extent the allegations contained in paragraph 28 are inconsistent therewith, Allied World denies them.

16. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the complaint.

17. Admits the allegations of paragraph 30 of the complaint.

18. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the complaint, except admits that plaintiffs have been named as defendants in certain civil actions and Grant in a criminal action, which recently concluded with his conviction.

19. Admits the allegations of paragraph 32 of the complaint.

20. In response to paragraph 33 of the complaint, does not respond to the extent the allegations contain legal conclusions; but if a responsive pleading is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that plaintiffs have notified Allied World of certain Underlying Actions and requested that Allied World advance defense costs for those actions.

21. As to the allegations of paragraphs 34-35 of the complaint, Allied World states that Refco's coverage and the U.S. Specialty Policy are in writing and speak for themselves and that to the extent the allegations contained in paragraphs 34-35 are inconsistent therewith, Allied World denies them.

22. In response to paragraph 36 of the complaint, does not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, Allied World states that the U.S. Specialty Policy is in writing and speaks for itself and that to the extent the allegations contained in paragraph 36 are inconsistent therewith, Allied World denies them.

23. In response to paragraph 37 of the complaint, does not respond to the extent that the allegation contains a legal conclusion; but if a responsive pleading is required, denies that all

of the Underlying Actions constitutes a "Claim" for a "Wrongful Act" under the U.S. Specialty Policy.

24. Admits the allegations of paragraph 38 of the complaint.

25. As to the allegations of paragraph 39 of the complaint, does not respond to the extent that the allegations contain a legal conclusion; but if a responsive pleading is required, Allied World states that the U.S. Specialty Policy is in writing and speaks for itself and that to the extent the allegations contained in paragraph 39 are inconsistent therewith, Allied World denies them.

26. As to the allegations of paragraph 40 of the complaint, does not respond to the extent that the allegations contain a legal conclusion; but if a responsive pleading is required, Allied World states that the U.S. Specialty Policy is in writing and speaks for itself and that to the extent the allegations contained in paragraph 40 are inconsistent therewith, Allied World denies them.

27. As to the allegations of paragraph 41 of the complaint, does not respond to the extent that the allegations contain a legal conclusion; but if a responsive pleading is required, Allied World states that the U.S. Specialty Policy is in writing and speaks for itself and that to the extent the allegations contained in paragraph 41 are inconsistent therewith, Allied World denies them.

28. As to the allegations of paragraph 42 of the complaint, does not respond to the extent that the allegations contain a legal conclusion; but if a responsive pleading is required, Allied World states that the U.S. Specialty Policy is in writing and speaks for itself and that to the extent the allegations contained in paragraph 42 are inconsistent therewith, Allied World denies them.

29. In response to paragraph 43 of the complaint, does not respond to the extent that the allegations are directed at U.S. Specialty and contain legal conclusions; but if a responsive pleading is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the U.S. Specialty Policy is exhausted.

30. Admits the allegations of paragraph 44 of the complaint.

31. In response to paragraph 45 of the complaint, Allied World does not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, Allied World states that the Lexington Policy is in writing and speaks for itself and that to the extent the allegations contained in paragraph 45 are inconsistent therewith, Allied World denies them.

32. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the complaint, except admits that the Lexington Policy is exhausted.

33. Admits the allegations of paragraph 47 of the complaint.

34. In response to paragraph 48 of the complaint, Allied World does not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, Allied World states that the Lexington Policy is in writing and speaks for itself and that to the extent the allegations contained in paragraph 48 are inconsistent therewith, Allied World denies them.

35. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 49-54 of the complaint, except admits that Axis commenced a proceeding against certain plaintiffs in the Bankruptcy Court seeking, among other things, a declaration of no coverage with respect to the Axis Policy, that certain plaintiffs sought

injunctive relief to compel Axis to advance defense costs, which was granted by the Bankruptcy Court, and that the Axis Policy is exhausted.

36. Admits the allegations of paragraphs 55-57 of the complaint.

37. In response to paragraph 58 of the complaint, Allied World does not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, Allied World states that the Policy is in writing and speaks for itself and that to the extent the allegations contained in paragraph 58 are inconsistent therewith, Allied World denies them.

38. In response to paragraph 59 of the complaint, Allied World does not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, Allied World states that the Policy is in writing and speaks for itself and that to the extent the allegations contained in paragraph 59 are inconsistent therewith, Allied World denies them.

39. In response to paragraph 60 of the complaint, Allied World does not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, Allied World states that the Policy is in writing and speaks for itself and that to the extent the allegations contained in paragraph 60 are inconsistent therewith, Allied World denies them.

40. In response to paragraph 61 of the complaint, Allied World does not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, Allied World states that the Policy is in writing and speaks for itself and that to the extent the allegations contained in paragraph 61 are inconsistent therewith, Allied World denies them.

41. In response to paragraph 62 of the complaint, does not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, denies the allegations.

42. In response to paragraph 63 of the complaint, Allied World does not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, Allied World states that the Policy is in writing and speaks for itself and that to the extent the allegations contained in paragraph 63 are inconsistent therewith, Allied World denies them.

43. In response to paragraph 64 of the complaint, Allied World does not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, denies that plaintiffs' defense costs are covered under the Policy, but states that the Policy is in writing and speaks for itself and that to the extent the allegations contained in paragraph 64 are inconsistent therewith, Allied World denies them.

44. In response to paragraph 65 of the complaint, Allied World does not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, Allied World states that the Policy is in writing and speaks for itself and that to the extent the allegations contained in paragraph 65 are inconsistent therewith, Allied World denies them.

45. Admits the allegations of paragraph 66 of the complaint.

46. In response to paragraph 67 of the complaint, Allied World does not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, Allied World states that the Arch Policy is in writing and speaks for itself and that to the extent the allegations contained in paragraph 67 are inconsistent therewith, Allied World denies them.

47. Lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 68 of the complaint.

48. In response to paragraphs 69-74 of the complaint, does not respond to the extent the allegations contain legal conclusions and are directed at Arch; but if a responsive pleading is required, Allied World states that the Arch Policy is in writing and speaks for itself and that to

the extent the allegations contained in paragraphs 69-74 are inconsistent therewith, Allied World denies them.

49. Admits the allegations of paragraphs 75-76 of the complaint.

50. In response to paragraph 77 of the complaint, Allied World does not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, Allied World states that the March 28th letter is in writing and speaks for itself and that to the extent the allegations contained in paragraph 77 are inconsistent therewith, Allied World denies them.

51. As to the allegations of paragraph 78 of the complaint, Allied World states that the March 28th letter is in writing and speaks for itself and that to the extent the allegations contained in paragraph 78 are inconsistent therewith, Allied World denies them.

52. Admits the allegations in the first sentence of paragraph 79 of the complaint, but as for the remainder of the allegations, Allied World states that the September 11th letter is in writing and speaks for itself and that to the extent the allegations contained in paragraph 79 are inconsistent therewith, Allied World denies them.

53. Denies the allegations of paragraph 80 of the complaint.

54. As to the allegations of paragraph 81 of the complaint, admits that Allied World refused to advance defense costs, but denies that Allied World has continued to refuse to advance defense costs pursuant to the Bankruptcy Court's order.

55. In response to paragraphs 82-87 of the complaint, does not respond to the extent the allegations are directed at Arch; but if a responsive pleading is required, lacks knowledge or information sufficient or information to form a belief as to the allegations.

56. In response to paragraph 88 of the complaint, restates the responsive paragraphs of this answer.

57. In response to paragraph 89 of the complaint, does not respond to the extent the allegations contain legal conclusions; but if a responsive pleading is required, denies the allegations.

58. Admits the allegations of paragraph 90 of the complaint.

59. In response paragraph 91 of the complaint, admits that Allied World has denied coverage under the Policy and initially refused to advance of defense costs, but denies that Allied World has continued to refuse to advance defense costs in light of the Bankruptcy Court's order.

60. Denies the allegations of paragraph 92 of the complaint.

61. In response to paragraphs 93-94 of the complaint, does not respond to the extent the allegations contain legal conclusions; but if a responsive pleading is required, admits that Refco paid all premiums for the Allied World Policy, but denies the remainder of the allegations.

62. In response to paragraph 95 of the complaint, does not respond to the extent the allegations contain legal conclusions; but if a responsive pleading is required, admits that Allied World issued the Policy for the period of August 11, 2005 to August 11, 2006.

63. In response to paragraph 96 of the complaint, does not respond to the extent the allegations contain legal conclusions; but if a responsive pleading is required, denies that plaintiffs are entitled to coverage or advancement of defense costs under the Policy and that Allied World has failed to advance defense costs to plaintiffs pursuant to the Bankruptcy Court's order.

64. Denies the allegations of paragraph 97 of the complaint.

65. In response to paragraph 98 of the complaint, restates the responsive paragraphs of this answer.

66. In response to paragraphs 99-101 of the complaint, does not respond to the extent the allegations are moot or contain legal conclusions; but if a responsive pleading is required, denies the allegations.

67. In response to paragraph 102 of the complaint, does not respond to the extent the allegation is moot; but if a responsive pleading is required, denies the allegation for this reason.

68. In response to paragraph 103 of the complaint, restates the responsive paragraphs of this answer.

69. In response to paragraph 104 of the complaint, does not respond to the extent the allegation contains legal conclusions; but if a responsive pleading is required, denies the allegation.

70. In response to paragraph 105 of the complaint, admits that Allied World refused to advance defense costs to plaintiffs, but denies that Allied World has continued to refuse to advance defense costs pursuant to the Bankruptcy Court's order.

71. In response to paragraph 106 of the complaint, does not respond to the extent the allegation contains legal conclusions, but if a responsive pleading is required, denies the allegation.

72. In response to paragraph 107 of the complaint, restates the responsive paragraphs of this answer.

73. In response to paragraphs 108-109 of the complaint, does not respond to the extent the allegations contain legal conclusions; but if a responsive pleading is required, denies the allegations, except admits that Allied World has denied coverage under the Policy.

74.     In response to paragraph 110 of the complaint, does not respond to the extent the allegations contain legal conclusions; but if a responsive pleading is required, admits that Refco paid all premiums for the Allied World Policy, but denies the remainder of the allegations.

75.     In response to paragraph 111 of the complaint, does not respond to the extent the allegations contain legal conclusions; but if a responsive pleading is required, denies the allegations.

76.     In response to paragraph 112 of the complaint, does not respond to the extent the allegation contains a legal conclusion; but if a responsive pleading is required, admits that the Allied World Policy was in effect for the policy period of August 11, 2005 through August 11, 2006.

77.     In response to paragraphs 113-116 of the complaint, does not respond to the extent the allegations contain legal conclusions; but if a responsive pleading is required, denies the allegations.

78.     In response to paragraph 117 of the complaint, restates the responsive paragraphs of this answer.

79.     In response to paragraphs 118-125 of the complaint, does not respond to the extent the allegations are directed at Arch and not Allied World; but if a responsive pleading is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

80.     In response to paragraph 126, restates the responsive paragraphs of this answer.

81.     In response to paragraphs 127-129, does not respond to the extent the allegations are directed at Arch and not Allied World, but if a responsive pleading is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

82. In response to paragraph 130, restates the responsive paragraphs of this answer.

83. In response to paragraphs 131-139, does not respond to the extent the allegations are directed at Arch and not Allied World; but if a responsive pleading is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## SECOND DEFENSE

84. The Insuring Agreement in the Allied World Policy states that it follows form to the terms and conditions of the U.S. Specialty Policy, subject to the terms, conditions and exclusions and endorsements contained in the Allied World Policy itself. As such, plaintiffs are not entitled to coverage pursuant to Endorsement No. 3 of the Policy, since at least several insureds—including Santo C. Maggio, Phillip R. Bennett and Robert C. Trosten—had knowledge of facts or circumstances prior to the inception of the Policy for which a reasonable person would suppose might afford grounds for a claim under the Policy or which would indicate the probability of such a claim, barring coverage for all other insureds.

## THIRD DEFENSE

85. Plaintiffs are not entitled to coverage for certain Underlying Actions that do not constitute a "Claim" as defined in the U.S. Specialty Policy.

## FOURTH DEFENSE

86. Upon information and belief, plaintiffs are not entitled to coverage for certain claims, because plaintiffs failed to provide Allied World with notice of circumstances of such claims during the Policy Period.

## FIFTH DEFENSE

87. Upon information and belief, plaintiffs are not entitled to coverage for certain claims, because they were not first made against the insureds and/or reported to Allied World during the Policy Period.

## SIXTH DEFENSE

88. There is no coverage for plaintiffs' claims to the extent such claims derive from the same essential facts or same interrelated wrongful acts as alleged in any pending or prior litigation, administrative or regulatory proceeding or investigation as of (a) June 4, 2004 and/or (b) August 11, 2005.

## SEVENTH DEFENSE

89. Plaintiffs are not entitled to the continued advancement of defense costs, to the extent that the Underlying Actions are not covered under the Policy.

## EIGHTH DEFENSE

90. Allied World's obligation to indemnify plaintiffs is limited by the availability of other insurance for which plaintiffs may be entitled to coverage.

## NINTH DEFENSE

91. Upon information and belief, the doctrine of estoppel bars certain plaintiffs from coverage under the Policy.

## TENTH DEFENSE

92. There is no coverage for plaintiffs' claims pursuant to Exclusion B of the U.S. Specialty Policy to the extent such claims arise out of, are based upon or attributable to "the commission by any Insured of any criminal or deliberately fraudulent or dishonest act…."

## ELEVENTH DEFENSE

93. There is no coverage for plaintiffs' claims pursuant to Exclusion A of the U.S. Specialty Policy to the extent such claims arise out of, are based upon or attributable to "the gaining by any Insured of any profit or advantage to which the Insured was not legally entitled…."

## TWELFTH DEFENSE

94.     Plaintiffs' claims against Allied World are or may be barred in whole or in part by Exclusion F of the U.S. Specialty Policy, because Allied World will not be liable to make any payment of "Loss" in connection with any claim "brought by or on behalf of, or in the name or right of, the Company, whether directly or derivatively, or any Insured Person...."

WHEREFORE, defendant Allied World respectfully requests entry of a judgment in its favor denying plaintiffs' demand for coverage under the Policy, relieving Allied World of any obligation to advance defense costs to plaintiffs, denying plaintiffs' request for damages for Allied World's alleged breach of the Policy, awarding Allied World its attorneys' fees, costs and disbursements incurred in defending this action, and granting such other relief to Allied World as the Court deems just and appropriate.

Dated: New York, NY
       June 17, 2008

*Robert DiUbaldo* (signature)

Robert W. DiUbaldo
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant Allied World
750 Lexington Avenue, 8th floor
New York, NY 10022
Tel. (212) 308-4411
Fax (212) 308-4844

Robert W. DiUbaldo
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant
750 Lexington Avenue, 8th floor
New York, New York 10022
(212) 308-4411

Attorneys for Defendant Allied World Assurance Company (U.S.), Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
:
JOSEPH MURPHY, et al.,                             :
:
Plaintiffs,                                        :
v.                                                 :
:   Case No. 1:08-cv-4196 (GEL)
:
ALLIED WORLD ASSURANCE                             :
COMPANY (U.S.), INC. and ARCH                      :
INSURANCE COMPANY,                                 :
:
Defendants.                                        :
:
:
---------------------------------------------------x

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June 2008, I caused a copy of Allied World's amended answer to plaintiffs' first amended complaint to be sent by electronic mail and/or regular mail to the following:

William Fleming, Esq.
Gage Spencer & Fleming, LLP
410 Park Avenue
New York, NY 10022
(212) 768-4900
*Attorneys for Nominal Defendants John D. Agoglia and Peter J. McCarthy*

Michael Francis Walsh, Esq.
Weil Gotshal & Manges LLP
767 Fifth Avenue New York, NY 10153

304654

(212) 310-8372
*Attorneys for Plaintiffs Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaekel, Thomas H. Lee, Ronald L. O Kelley, and Scott A. Schoen*

Martin R. Bennett, Esq.
Kugle Skelton & Bennett, PC
130 E. Corsicana, Ste. 302 Athens, TX 75751
(903) 675-5151
*Attorneys for Nominal Defendant Edwin Cox*

Neil A. Goteiner, Esq.
Farella, Braun & Martel
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4485
*Attorneys for Nominal Defendants Sukhmeet Dillon and Eric Lipoff*

Thomas C. Wolford, Esq.
Neal Gerber & Eisenberg, LLP
2 North LaSalle Street
Chicago, IL 60602
(312) 269-5675
*Attorneys for Nominal Defendant Thomas H. Dittmer*

Lawrence J. Kotler, Esq.
Duane Morris & Heckscher, LLP
30 South 17th Street
Philadelphia, PA 19103 (215) 979-1514
*Attorneys for Nominal Defendant Stephen Grady*

William A. Schreiner, Jr., Esq.
Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, D.C. 20036
(202) 778-1858
*Attorneys for Plaintiff Tone Grant*

Laura L. Neish, Esq.
Zuckerman Spaeder LLP
1540 Broadway, Suite 1604
New York, NY 10036
(212) 704-9600
*Attorneys for Plaintiff Tone Grant*

Helen Kim, Esq.
Katten Muchin Rosenman, LLP

304654                                    2

2029 Century Park East, Suite 2600
Los Angeles, CA 90067
(310) 788-4525
*Attorneys for Plaintiff Dennis Klejna*

John R. Jerome, Esq.
Saul Ewing, LLP
245 Park Avenue
24th Floor
New York, NY 10167
*Attorneys for Plaintiff Joseph Murphy*

Janet Costello, Esq.
Gibbons, P.C.
One Gateway Center
Newark, NJ 07102
973-596-4825
*Attorneys for Nominal Defendant Frank Mutterer*

Claire P. Gutekunst, Esq.
Proskauer Rose, LLP
1585 Broadway
New York, NY 10036
(212) 969-3421
*Attorneys for Plaintiff Richard N. Outridge*

Ivan Kline, Esq.
Friedman & Wittenstein, P.C.
600 Lexington Avenue
New York, NY 10022
(212) 750-8700
*Attorneys for Plaintiffs William M. Sexton and Gerald Sherer*

Richard Cashman, Esq.
Heller Ehrman, LLP
Times Square Tower
7 Times Square
New York, NY 10036 (212) 847-8796
*Attorneys for Plaintiff Philip Silverman*

Frank Mutterer
2043 Bay Blvd.
Seaside Heights, N.J. 08751-1001
*Nominal Defendant*

Eric G. Lipoff

304654                                    3

16 Clay Rd.
Irvine, CA 92620-3322
*Nominal Defendant*

John H. Eickemeyer, Esq.
VEDDER PRICE P.C.
1633 Broadway, 47th Floor
New York, New York 10019
(212) 407-7700
*Attorneys for Defendant Arch Insurance Company*

Michael L. Cook, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
(212) 756-2000
*Attorneys for Eric G. Lipoff*

Marc E. Rindner, Esq.
1776 K Street NW
Wiley Rein LLP
Washington, DC 20006
(202) 719-7486
*Attorneys for Defendant Arch Insurance Company*

Thomas Hackl
c/o Avi Moskowitz
Moskowitz & Book LLP
1372 Broadway
New York, N.Y. 10018
(212) 221-7999


_____
Robert W. DiUbaldo