```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOSEPH MURPHY, et al.                             :
                                                  :   Case No. 08-cv-4196 (GEL)
                    Plaintiffs,                   :
                                                  :
        v.                                        :
                                                  :
ALLIED WORLD ASSURANCE COMPANY (U.S.), :
INC. and ARCH INSURANCE COMPANY,                  :
                                                  :
                    Defendants.                   :
------------------------------------------------------------------x
```

## **DECLARATION OF IVAN KLINE PURSUANT TO FED. R. CIV. P. 56(f)**

IVAN KLINE hereby declares under penalty of perjury:

1.      I am a principal in Friedman & Wittenstein, A Professional Corporation, attorneys for plaintiffs William M. Sexton and Gerald Sherer, and am a member of the bar of this Court.  On behalf of plaintiffs Dennis A. Klejna, William M. Sexton, Gerald Sherer, Joseph Murphy, Richard N. Outridge, Philip Silverman, Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald L. O'Kelley and Scott A. Schoen, as well as nominal defendants John D. Agoglia and Peter McCarthy (collectively, the "Plaintiffs"), I submit this Declaration pursuant to Fed. R. Civ. P. 56(f) in opposition to the motion for summary judgment submitted by defendant Allied World Assurance Company (U.S.), Inc. ("AWAC").

2.      As set forth in the accompanying memorandum of law submitted in opposition to AWAC's motion for summary judgment, the Plaintiffs are insureds under an excess insurance policy (the "AWAC Policy") issued by AWAC to Refco Inc. ("Refco"). AWAC filed the instant motion for summary judgment seeking a declaration that it has no obligation under the terms of the AWAC Policy to provide coverage to Plaintiffs for claims

asserted against them in connection with the collapse of Refco. In seeking a declaration of non-coverage, AWAC relies on a purported "prior knowledge" exclusion, which it asserts was part of the AWAC Policy.

3.      Plaintiffs have not had the opportunity to conduct discovery in this matter, and thus they have a limited ability to present facts in opposition to AWAC's motion for summary judgment.[1] On July 29, 2008, Plaintiffs served their First Request for Production of Documents on AWAC (attached as Exhibit A hereto). To date, AWAC has not responded or produced responsive documents, although it has produced what it claims to be its underwriting file.

4.      Specifically, Plaintiffs have not had the opportunity to conduct any discovery concerning the negotiation or procurement of the AWAC Policy or the underlying primary policy issued by U.S. Specialty Insurance Company (the "Primary Policy") to which the AWAC policy followed form.

5.      Discovery relating to the negotiation and procurement of the relevant policies is necessary because there are genuine issues of material fact relating to whether or not AWAC had authorization to include the purported prior knowledge exclusion in the Policy. Specifically, AWAC's August 10, 2005 Policy Binder (the "Binder") references an "inverted warranty" endorsement, not a "prior knowledge" exclusion, thus raising questions of fact concerning whether AWAC may even properly rely on the prior knowledge exclusion it added to the AWAC Policy.

---

[1] Plaintiffs believe that the evidence they have submitted in opposition to AWAC's motion is sufficient to raise questions of material fact so as to preclude the granting of summary judgment to AWAC, but submit this Declaration to show why they are unable to offer additional evidence at this time.

6.  In addition, although AWAC says it sent the language of the prior knowledge exclusion to Refco's insurance broker, Marsh U.S.A., Inc. ("Marsh") the day before the issuance of the Binder as part of a "Quote Confirmation," Marsh flatly contradicts AWAC's contention. In a Declaration submitted herewith, Pamela Sylwestrzak, a Senior Vice President of Marsh, has averred that the Quote Confirmation sent to it by AWAC did *not* include the relevant page containing the language of the purported prior knowledge exclusion.

7.  Thus, Plaintiffs need discovery concerning the contracting parties' understanding of the term "inverted warranty" and the circumstances surrounding the issuance of the Quote Confirmation and the Binder.

8.  Plaintiffs have also not had the opportunity to conduct discovery concerning the intent of the parties with respect to the insertion of a broad severability provision in the Primary Policy. This provision, which according to Ms. Sylwestrzak was offered by U.S. Specialty in response to a request from Marsh, includes a "non-imputation" provision that is at odds with the effect AWAC seeks to give to its purported prior knowledge exclusion. Accordingly, discovery is needed concerning the intent of the contracting parties with respect to coverage for "innocent" insureds.

9.  The lack of discovery with respect to these issues presents a particular hardship to Plaintiffs because, to the best of my knowledge or the knowledge of other counsel for the Plaintiffs, they had minimal or no involvement in the negotiation or procurement of the relevant insurance policies, and therefore lack critical knowledge or information relating thereto. Instead, as far as counsel has been able to ascertain, the process was conducted by an employee at Refco who was responsible for its insurance (and who is not a party to any of the underlying litigations or to the insurance coverage litigations), Marsh, and the primary and excess insurers,

including of course AWAC. As a result, Plaintiffs are essentially outsiders to the events which led to the issuance of both the Primary Policy and the AWAC Policy, including the back and forth that resulted in the selection of the particular language chosen to govern the insurance relationship.

        10. In sum, the Court has been requested to rule on issues of coverage even though Plaintiffs have had limited access to documents relevant to the numerous issues raised by the disputes surrounding the negotiation of the relevant policies, have not seen all of the correspondence on these issues, and have not yet had the opportunity to depose under oath anyone with knowledge of these various issues. As a result, Plaintiffs find themselves without knowledge of facts needed to have a fair opportunity to defend themselves on the instant motion.

        11. To the extent that the factual disputes shown by the Plaintiffs in opposition to AWAC's motion relating to the inclusion of the purported prior knowledge exclusion and the intent of the parties with respect to severability do not already disqualify AWAC from obtaining summary judgment, I respectfully submit that, at a minimum, Plaintiffs should be granted access to documents and testimony from Refco, Marsh, U.S. Specialty, and AWAC.

Dated: New York, New York
      August 8, 2008

                                                /s/ Ivan Kline_____
                                                Ivan Kline (IK-9591)
                                                ikline@friedmanwittenstein.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
JOSEPH MURPHY, et al.,                           :    Case No. 1:08 CIV 3821 (GEL)
                                                 :
                    Plaintiff,    :
    v.                                             :
                                                 :
ALLIED WORLD ASSURANCE COMPANY                   :    **FIRST REQUEST FOR PRODUCTION**
(U.S.), INC. and ARCH INSURANCE                  :    **OF DOCUMENTS TO DEFENDANT**
COMPANY,                                         :    **ALLIED WORLD ASSURANCE**
                                                 :    **COMPANY (U.S.), INC.**
                    Defendants.   :
                                                 :
                                                 :
------------------------------------------------------- x

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiffs Dennis A. Klejna, Richard N. Outridge, William M. Sexton, Gerald M. Sherer, Leo R. Breitman, Nathan Grantcher, David V. Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald L. O'Kelley, Scott A. Schoen, John D. Agogila, Peter McCarthy, Joseph Murphy and Philip Silverman ("Plaintiffs") hereby demand that Defendant Allied World Assurance Company (U.S.), Inc. ("AWAC"), produce at the offices of the undersigned counsel the documents requested herein:

## DEFINITIONS AND INSTRUCTIONS

      As used herein, the following terms have the following meanings, unless the context otherwise requires:

      1.    Plaintiffs incorporate by reference the definitions, instructions and rules of construction in the "Uniform Definitions in Discovery Requests" set forth in Rule 26.3 of the Local Civil Rules of this Court.

      2.    If a claim of privilege is asserted with respect to any document requested herein, or if you refuse to produce any document requested herein on any other ground, state all grounds

upon which you base your claim that such document need not be produced with such specificity as will permit the Court to determine the legal sufficiency of your position and, for all documents so withheld, set forth the information required by Rule 26.2 of the Local Civil Rules of this Court.

3. This request for production is to be deemed a continuing request, and documents which are responsive, but which are discovered subsequent to the initial production of documents, should nevertheless be promptly produced in the same manner, and at the same address, as the initial production.

4. The term "AWAC" shall refer to Allied World Assurance Company (U.S.), Inc. and its past and present directors, officers, agents, employees, and representatives.

5. The term "AWAC Policy" means the Excess Directors and Officers Insurance and Company Reimbursement Policy No. AW0418197 issued to Refco Inc. for the policy period August 11, 2005 to August 11, 2006.

6. The term "Marsh" means Marsh USA, Inc., Marsh & McLennan Companies, Inc. and their respective subsidiaries and affiliated companies, including their respective past and present directors, officers, agents, employees, and representatives.

7. The term "Refco's 2005-2006 D&O Insurance Tower" means the program of D&O liability insurance that was placed with various insurers for Refco Inc. for the policy period August 11, 2005 through August 11, 2006.

8. The term "Claim" means any and every request by an insured for indemnification and/or reimbursement under the AWAC Policy, including without limitation the Underlying Actions referenced at pages 5-6 of the Memorandum of Law in Support of Defendant Allied World Assurance Company (U.S.), Inc.'s Motion for Summary Judgment, filed in this action on July 11, 2008.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

The policy binder for the AWAC Policy.

**REQUEST FOR PRODUCTION NO. 2:**

The AWAC Policy including, but not limited to, all policy forms, endorsements, declarations and riders.

**REQUEST FOR PRODUCTION NO. 3:**

The complete underwriting file(s) concerning the AWAC Policy. More specifically, this request call for the production of all documents contained within the underwriting file pertaining to the aforementioned policy of insurance from the date of the first communication to the present with any insured(s), including any insured's insurance broker including, but not limited to:

   a.   The file folder or file folders themselves with any adjacent exhibit folders;

   b.   Any and all papers, documents, computer-generated files, e-mail, electronic documents and investigative reports pertaining to the AWAC Policy including, but not limited to, interoffice memoranda or notes concerning that issuance of the policy; and

   c.   Any and all written and/or electronic communications or statements made between any parties including, but not limited to, any communications with insurance brokers of any insured(s) and other parties concerning the policy issued to the insured(s).

**REQUEST FOR PRODUCTION NO. 4:**

All documents concerning AWAC' decision to add reference to an "inverted warranty' exclusion in the policy binder for the AWAC Policy and/or to add Endorsement No. 3 (the "Prior Knowledge Exclusion") to the AWAC Policy.

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning the drafting, modifications, changes, earlier versions, and amendments to the inverted warranty exclusion referred to in the policy binder for the AWAC Policy and/or to the Prior Knowledge Exclusion to the AWAC Policy.

**REQUEST FOR PRODUCTION NO. 6:**

All communications with Marsh, Refco Group Ltd., LLC or Refco Inc. concerning the drafting, modifications, changes, earlier versions, and amendments to the inverted warranty exclusion referred to in the policy binder for the AWAC Policy and/or to the Prior Knowledge Exclusion to the AWAC Policy.

**REQUEST FOR PRODUCTION NO. 7:**

All claim files relating, regarding, or referring to the AWAC Policy from the date of the first communication with any of the insureds or representatives of any of them to the present including, but not limited to:

    a.    All inter-office memoranda or other forms of written electronic (*i.e.*, computer-generated including, without limitation, e-mail, and/or activity logs) communication of any employee or representative of AWAC concerning the initial processing of the above-mentioned matter or Claim when first received by AWAC or any representative of same;

    b.    All inter-office memoranda or other forms of written or electronic communication from any employee or representative of AWAC concerning the continued processing of the above-mentioned matter and/or Claim;

    c.    All written or electronic communications between AWAC and/or its representatives on the one hand and any of the insureds, their insurance brokers,

and/or their representatives on the other hand concerning the processing, acceptance, or denial of the above-mentioned matter and or Claim;

d. All written or electronic communications between AWAC and/or its representatives on the one hand and any third party on the other hand concerning the processing, acceptance, or denial of the above-mentioned matter and/or Claim;

e. All investigative reports concerning any of the insureds, in the above-mentioned matter and/or Claim, and all written or electronic communications between AWAC or its representatives on the one hand and anyone else on the other hand concerning said report or reports;

f. All inter-office memoranda or other forms of written or electronic communication from any employee or representative of AWAC concerning any decision to accept, accept under reservation of rights, or deny the above-mentioned Claim and/or matter;

g. All written or electronic communications between AWAC and/or its representatives on the one hand and any of the insureds, their insurance brokers, and/or their representatives on the other hand concerning any decision of whether to accept, accept under a reservation of rights, or deny the above-mentioned Claim and/or matter;

h. All written or electronic communications between AWAC or its representatives on the one hand and any third party on the other hand concerning any decision of whether to accept, accept under a reservation of rights, or deny the above-mentioned Claim and/or matter;

i. All photographs, motion pictures, investigative reports, field reports, or any written or electronic communications of whatever description concerning any of

the insureds, and/or their representatives, which were taken, made, or written by or on behalf of AWAC or its representatives, relating to the processing, acceptance, acceptance under a reservation of rights, or denial of the aforementioned Claim and/or matter;

j. All other written or electronic documents concerning the processing of the above-mentioned Claim or matter which are in the possession, custody or control of AWAC; and

k. All written or electronic documents concerning any reserves or reserve amounts established for the aforementioned Claim or matter.

**REQUEST FOR PRODUCTION NO. 8:**

All documents maintained outside or apart from of any of the claim files concerning the Claim.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents evidencing any communication between Marsh and AWAC concerning the AWAC Policy.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents evidencing any communication between Marsh and AWAC, including communications between Marsh and AWAC's insurance coverage counsel, concerning the Claim.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all documents evidencing any communication between AWAC and the employee or representative of any other insurer in Refco's 2005-2006 D&O Insurance Tower concerning the terms of any insurance coverage provided by any insurer in Refco's 2005-2006 D&O Insurance Tower.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all documents evidencing any communication between AWAC and the employee or representative of U.S. Specialty Insurance Company concerning Endorsement No. 10 to the Directors, Officers and Corporate Liability Insurance Policy #24-MGU-05-A10821 issued by U.S. Specialty Insurance Company to Refco Inc., including the drafting, modifications, changes, earlier versions, and amendments to Endorsement No. 10.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all documents evidencing any claim for coverage that AWAC have made with respect to any reinsurance agreement concerning Refco Inc. or the Claim, including without limitation the reinsurance contract itself.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all documents evidencing any communication between AWAC and any reinsurance company concerning Refco Inc. or the Claim.

Dated:   July 29, 2008

/s/ Helen B. Kim
HELEN B. KIM (HK-8757)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90068
Telephone: 310-788-4525
Facsimile:  310-712-8226

PHILIP A. NEMECEK (PN-3319)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
Telephone: 212-940-8834
Facsimile: 212-940-8776
*Attorneys for Plaintiff Dennis A. Klejna*

/s/ Ivan Kline
STUART I. FRIEDMAN (SF-9186)
IVAN KLINE (IK-9591)
FRIEDMAN & WITTENSTEIN
A Professional Corporation
600 Lexington Avenue
New York, NY  10022
Telephone:  (212) 750-8700
Facsimile:  (212) 223-8391

*Attorneys for Plaintiffs William M. Sexton and Gerald M. Sherer*

/s/ Claire P. Gutekunst
CLAIRE P. GUTEKUNST (CG-0117)
JESSICA MASTROGIONVANNI
1585 Broadway
New York, New York 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

*Attorneys for Plaintiff Richard N. Outridge*

/s/ John J. Jerome
JOHN J. JEROME (JJ-2413)
TIMOTHY E. HOEFFNER
SAUL EWING LLP
245 Park Avenue, 24th Floor
New York, NY 10167
Telephone: (212) 672-1996
Facsimile: (212) 672-1920

*Attorneys for Plaintiff Joseph Murphy*

/s/ Richard Cashman
RICHARD CASHMAN (RC-4769)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, NY 10036-6524
Telephone: (212) 832-8300
Facsimile: (212) 763-7600
*Attorneys for Plaintiff Philip Silverman*

/s/ William Fleming
WILLIAM FLEMING (WF-0411)
GAGE SPENCER & FLEMING, LLP
410 Park Avenue
New York, New York 10022
Telephone: (212) 768-4900

*Attorneys for Plaintiffs John D. Agogila and Peter McCarthy*

/s/ Michael F. Walsh
GREG A. DANILOW (GD-1621)
MICHAEL F. WALSH (MW-8000)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Plaintiffs Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald L. O'Kelley, and Scott A. Schoen*

31448707

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July, 2008, I caused a copy of First Request for production of Documents to Defendant Allied World Assurance Company (U.S.), Inc. dated July 29, 2008 to be sent by Overnight Fedex to the following:

| | |
|---|---|
| John D. Hughes<br>Robert W. DiUbaldo<br>Edwards Angell Palmer & Dodge LLP<br>750 Lexington Avenue, 8th Floor<br>New York, New York 10022<br><br>*Attorneys For Allied World Assurance Company (U.S.), Inc.* | Marc E. Rider<br>Wiley Rein LLP<br>1776 K Street NW<br>Washington, DC 20006<br><br>*Attorneys for Arch Insurance Company* |

Dated: July 29, 2008

KATTEN MUCHIN ROSENMAN LLP

By /s/
2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
310.788.4400

31450801v1