John D. Hughes (admitted *pro hac vice*)
Robert W. DiUbaldo
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant
750 Lexington Avenue, 8th floor
New York, New York 10022
(212) 308-4411

Attorneys for Defendant Allied World Assurance Company (U.S.), Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
                                          :
JOSEPH MURPHY, et al.,                    :
                                          :
            Plaintiffs,                   :
                                          :
v.                                        :
                                          :
ALLIED WORLD ASSURANCE                    :
COMPANY (U.S.), INC. and ARCH             :
INSURANCE COMPANY,                        :     Case No. 1:08-cv-4196 (GEL) (KNF)
                                          :     *Electronically filed*
            Defendants.                   :
                                          :
-----------------------------------------------------x

## **MEMORANDUM OF LAW IN SUPPORT OF ALLIED WORLD'S MOTION FOR SUMMARY JUDGMENT AND TO MODIFY ORDER**

311202

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................... ii

INTRODUCTION ............................................................................................................................ 1

FACTUAL BACKGROUND ........................................................................................................... 2

I.     The Relevant Policy Language............................................................................................. 2

II.   The Underlying Actions and Criminal Proceeding Involving Mr. Grant............................ 3

III.  The Bankruptcy Court Orders Allied World to Advance Defense Costs............................. 4

ARGUMENT .................................................................................................................................... 5

I.     Allied World Should Be Awarded Summary Judgment As To Mr. Grant's Claim For
       Coverage under the Policy..................................................................................................... 5

II.   The Order of the Bankruptcy Court Should be Modified Due to Mr. Grant's Conviction
       and Sentencing....................................................................................................................... 7

III.  Allied World Should be Reimbursed Immediately for the Defense Costs It Has Advanced
       to Mr. Grant. .......................................................................................................................... 8

CONCLUSION................................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

A. Nelson & Co. Ltd. v. Ellon USA, Inc., 1996 WL 288214 (S.D.N.Y. May 30, 1996) ............... 7

Berman v. United States, 302 U.S. 211 (1937) .............................................................................. 5

Cement & Concrete Workers District Council Pension Fund v. Ulico Cas. Co., 387 F.
Supp. 2d 175 (E.D.N.Y. 2005) ..................................................................................................... 6

Chubb Custom Ins. Co. v. Triumph Capital Group, Inc., 2007 WL 799906 (Mass. Supp.
Feb. 9, 2007) ................................................................................................................................. 5

First National Bank Holding Co. v. Fidelity & Deposit Co., 885 F. Supp. 1533 (N.D. Fla.
1995) .............................................................................................................................................. 5

In re Enron Corp. Securities, Derivative & "Erisa" Litigation, 391 F. Supp. 2d 541 (S.D.
Tex. 2005) ...................................................................................................................................... 5

Maroney v. New York Cent. Mut. Fire Ins. Co., 5 N.Y.3d 467 (2005) ........................................... 6

New England Ins. Co. v. Sylvia, 783 F. Supp. 6, 9 (D.N.H. 1991) ................................................. 5

People v. Stevens, 692 N.E.2d 985, 91 N.Y.2d 270 (N.Y. 1998) .................................................... 5

Sierra Club, et al. v. United States Army Corps of Engineers, et al., 732 F.2d (2d Cir.
1984) .............................................................................................................................................. 7

United States Fire Ins. Co. v. New York Marine and General Ins. Co., 268 A.D.2d 19
N.Y.S.2d 377 (App. Div. 2000) ................................................................................................... 6

**Statutes**

Fed. R. Civ. P. 56(c) ....................................................................................................................... 7

Fed. R. Civ. P. 60(b)(5), (6) ........................................................................................................... 7

## INTRODUCTION

Defendant Allied World Assurance Company (U.S.), Inc. ("Allied World") moves the Court for summary judgment dismissing the claims of plaintiff Tone E. Grant contained in the first amended complaint. Mr. Grant is an insured under the Allied World Policy[1] and has sought coverage and advancement of defense costs under the Policy for lawsuits and a criminal proceeding brought against him following the disclosure of the $430 million Refco Receivable.

Allied World already has moved for summary judgment against certain Insureds, including Mr. Grant, based on the Prior Knowledge Exclusion in its Policy. That motion is pending before this Court. The Allied World Policy, however, also excludes coverage for any claim arising out of, based upon or attributable to an Insured's commission of any criminal, fraudulent or dishonest act. On August 7, 2008, Mr. Grant was sentenced to ten years in prison for conspiracy, securities fraud, wire fraud, bank fraud and money laundering arising out of his role in the collapse of Refco and the fraudulent concealment of the $430 million Refco Receivable. A judgment of conviction was entered by the court on August 22, 2008. The claims for which Mr. Grant has sought coverage for under the Allied World Policy all arise from the criminal and fraudulent acts for which he has now been convicted. Therefore, these claims are excluded from coverage by the Policy as a matter of law.

Because there is no coverage for the claims against Mr. Grant, and thus no duty to advance defense costs, Allied World requests that the Court modify the Bankruptcy Court's Order dated April 21, 2008 with regard to Mr. Grant. Further, Allied World requests that the Court order Mr. Grant to immediately repay to Allied World all of the defense costs previously advanced to his attorneys, as required by the Policy.

---

[1] The defined terms in this motion shall have the same meaning as in Allied World's motion for summary judgment, which is pending before the Court.

## FACTUAL BACKGROUND

Allied World incorporates the facts set forth in its motion for summary judgment dated July 11, 2008 and supporting papers and supplements those facts for purposes of this motion, as follows:

### I.    The Relevant Policy Language

U.S. Specialty provided D&O liability insurance coverage to Refco for the period of August 11, 2005 to August 11, 2006. See Insurers' Joint Exhibits ("IJX"), at 26;[2] Declaration of Robert W. DiUbaldo dated July 11, 2008 in support of Allied World's motion for summary judgment ("DiUbaldo Decl."), Ex. A., at ¶35.[3] The U.S. Specialty Policy excludes coverage for any claim "arising out of, based upon or attributable to the commission by any Insured of any criminal or deliberately fraudulent or dishonest act; provided, that this [Exclusion] will apply only if there has been a final adjudication adverse to such Insured establishing that the Insured so acted." See IJX 26, at EXCLUSIONS (B) (the "Criminal Acts Exclusion"). The U.S. Specialty Policy further provides that once it is "finally determined that any Defense Costs paid by the Insurer are not covered under this Policy, the Insureds agree to repay such non-covered Defense Costs to the Insurer." Id. at CONDITIONS (D) (2).

Absent a conflict, the Allied World Policy follows form to the U.S. Specialty Policy, and thus incorporates its terms, conditions and exclusions.    See IJX 29, at INSURING AGREEMENT. Moreover, the Allied World Policy does not, under any circumstances, provide broader coverage than that which is provided by any underlying policies in the Refco tower, including the U.S. Specialty Policy. Id.

---

[2] IJX refers to the joint exhibits filed by Allied World in support of its motion for summary judgment against the Insureds. Those exhibits are incorporated by reference into this motion.

[3] The Declaration of Robert W. DiUbaldo and attached exhibits filed in support of Allied World's motion for summary judgment against the Insureds are also incorporated by reference into this motion.

II.    The Underlying Actions and Criminal Proceeding Involving Mr. Grant

Numerous Underlying Actions were commenced against Mr. Grant due to his involvement in the collapse of Refco. See IJX 1, 6-7, 9, 12, 14. Each of those Underlying Actions arose from and are attributable to a common set of facts and circumstances—namely that Mr. Grant, Phillip R. Bennett and others engaged in a scheme to conceal the existence of the Refco Receivable by engaging in certain fraudulent and criminal acts to deceive Refco's investors, lenders, the public and regulators. See, e.g., IJX 1 at ¶¶1, 3-7, 9-10, 12, 428-587; IJX 6 at ¶¶2-5, 7, 25, 28-29, 72-73, 109, 366-371, 375, 380; IJX 7 at ¶¶1-5, 56-81; IJX 9 at ¶¶ intro, 1-5, 13, 59-93; IJX 12 at ¶¶1, 6-8, 151, 193-99, 212-243; IJX 14 at ¶¶1-6, 8, 30-37, 45, 47, 51. Mr. Grant has sought coverage under the Allied World Policy for most of these actions. See DiUbaldo Decl., dated July 11, 2008, Ex. A.

A criminal proceeding was also commenced against Mr. Grant. See IJX 19. Like the Underlying Actions, the allegations asserted against Mr. Grant in the criminal proceeding revolved around the fraudulent scheme to conceal the Refco Receivable. See citations below. Specifically, the S4 indictment alleged that from the early to mid 1990s, Mr. Grant and Mr. Bennett "schemed to hide the true financial health of Refco" by: (a) making "false and fraudulent statements to" defraud Refco's banks, investors, the public and auditors; and (b) filing false statements with the SEC in order to conceal the Refco Receivable. Id., ¶¶6-8, 12-13, 32-33, 34-37, 54-68. The indictment detailed Mr. Grant's role in the fraudulent transactions that were used to hide the Refco Receivable and Refco's unlawful use of customer funds to conceal its losses. Id., ¶¶15-17, 19-26, 59, 67-68. It stated that, following the announcement of the discovery of the Refco Receivable, "the market price of Refco stock plummeted, resulting in a loss of well more than $1 billion in market capitalization." Id., ¶52. Mr. Grant also sought coverage from Allied World for the criminal proceeding. See DiUbaldo Decl., dated July 11, 2008, Ex. A.

3

On April 17, 2008, Mr. Grant was convicted by a jury of all five counts alleged against him relating to his involvement in the scheme to conceal the Refco Receivable: conspiracy, securities fraud, bank fraud, wire fraud and money laundering. See IJX 24, at 3095-3097. Mr. Grant was sentenced to ten years in prison on August 7, 2008. See Declaration of Robert W. DiUbaldo dated September 4, 2008 in support of Allied World's motion for summary judgment and to modify order ("DiUbaldo Decl."), Ex. A. The judgment of conviction was entered by Honorable Naomi Reice Buchwald on August 22, 2008. Id., Ex. B.

Each of the claims for which Mr. Grant seeks coverage under the Policy arose from, are based upon or attributable to the criminal and fraudulent acts that he was convicted of committing. See IJX 19 at ¶¶6-8, 12-13, 15-17, 19-26, 32-33, 34-37, 54-68. Allied World has denied coverage for these claims against Mr. Grant based upon, among other things, the Criminal Acts Exclusion. See DiUbaldo Decl., dated September 4, 2008, Ex. C at ¶92.

III.    The Bankruptcy Court Orders Allied World to Advance Defense Costs

Prior to Mr. Grant's conviction, on March 13, 2008, certain Insureds (including Mr. Grant) moved the United States Bankruptcy Court for the Southern District of New York for a preliminary injunction requiring Allied World to advance defense costs for the Underlying Actions and the criminal proceeding. See DiUbaldo Decl., dated July 11, 2008, at Ex. G. The Bankruptcy Court ordered Allied World to advance defense costs to Mr. Grant. Id. at 3. Following that Order, Allied World made six advancements totaling $1,328,058.57 to Mr. Grant's attorneys through wire transfers directly to their accounts. See, e.g., DiUbaldo Decl., dated September 4, 2008, at Exs. D & E and ¶8. Allied World made these payments under a reservation of rights because it believed that the claims asserted against the Insureds, including Mr. Grant, were not covered under the Policy. Id., Ex. D. Further, Allied World informed the

Insureds and their attorneys that Allied World would seek repayment of the defense costs advanced upon a determination that there is no coverage for these claims. Id.

## **ARGUMENT**

### I. Allied World Should Be Awarded Summary Judgment As To Mr. Grant's Claim For Coverage under the Policy.

In addition to the grounds set forth in Allied World's motion for summary judgment against the Insureds, the Court should also grant Allied World summary judgment as to Mr. Grant's claim for coverage based on the Criminal Acts Exclusion.

Now that Mr. Grant has been sentenced for the criminal and fraudulent acts he was convicted of committing, and a judgment of conviction entered, Mr. Grant's conviction constitutes a "final adjudication" sufficient to trigger the Criminal Acts Exclusion in the Policy. See, e.g., Chubb Custom Ins. Co. v. Triumph Capital Group, Inc., 2007 WL 799906, at \*\*2-3 (Mass. Supp. Feb. 9, 2007) (policy containing nearly identical criminal acts exclusion with "final adjudication" language was triggered by sentencing and entry of judgment, despite the fact that insured was appealing conviction); In re Enron Corp. Securities, Derivative & "Erisa" Litigation, 391 F. Supp. 2d 541, 572, 575 (S.D. Tex. 2005) (to the same effect, but triggered by sentencing alone); New England Ins. Co. v. Sylvia, 783 F. Supp. 6, 9 (D.N.H. 1991) (to the same effect).[4]

Both the United States Supreme Court and New York's highest court agree that a criminal conviction is "final" upon sentencing. See, e.g., Berman v. United States, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."); People v. Stevens, 692 N.E.2d 985, 91 N.Y.2d 270, 276 (N.Y. 1998) (to the same effect). Thus, pursuant to the clear and unambiguous language of the U.S. Specialty Policy, there is no coverage for any claim against Mr. Grant arising out of, based upon or attributable to

---

[4] See also First National Bank Holding Co. v. Fidelity & Deposit Co., 885 F. Supp. 1533, 1537-38 (N.D. Fla. 1995) (insured conviction and sentencing was a "final adjudication" under language of dishonesty exclusion in policy)

the criminal and fraudulent acts for which he has been convicted. In the absence of coverage under its Policy, Allied World should have no obligation to advance defense costs for those claims under the Bankruptcy Court's Order. <u>See</u> IJX 26, at EXCLUSIONS (B) and CONDITIONS (D) (2); DiUbaldo Decl., dated July 11, 2008, Ex. G, at 3.

Initially, there can be no doubt that Allied World no longer has an obligation to advance defense costs for the criminal proceeding against Mr. Grant. As for the Underlying Actions for which Mr. Grant has also sought coverage, each of them arose from and is attributable to the criminal and fraudulent acts committed by Mr. Grant as part of the scheme to conceal the Refco Receivable. <u>See</u> IJX 19 at ¶¶6-8, 12-13, 15-17, 19-26, 32-33, 34-37, 54-68. Under New York law, there need only be some casual relationship between the Mr. Grant's actions and those Underlying Actions in order for the Criminal Acts Exclusion to be triggered. <u>See, e.g.</u>, <u>Maroney v. New York Cent. Mut. Fire Ins. Co.</u>, 5 N.Y.3d 467, 472 (2005) (interpreting "arising out of" language in policy exclusions to mean "originating from, incident to, or having connection with" such that there only has to be a casual relationship between criminal and fraudulent acts of Mr. Grant and the allegations made against him in the Underlying Actions); <u>United States Fire Ins. Co. v. New York Marine and General Ins. Co.</u>, 268 A.D.2d 19, 21-22, 706 N.Y.S.2d 377, 378-79 (App. Div. 2000) (to the same effect). But for Mr. Grant's crimes, none of the Underlying Actions would have been asserted against him. Therefore, coverage for the Underlying Actions is precluded by the Policy's Criminal Actions Exclusion as a matter of law.

There is no issue of fact as to whether the Criminal Acts Exclusion is properly part of the U.S. Specialty Policy. Where, as here, an exclusion in insurance contract is clear and unambiguous in application, courts have uniformly held that it should be enforced. <u>See, e.g.</u>, <u>Cement & Concrete Workers District Council Pension Fund v. Ulico Cas. Co.</u>, 387 F. Supp. 2d 175, 190-91 (E.D.N.Y. 2005); <u>Maroney</u>, 5 N.Y.3d at 471, 474. This Court should do the same

6

and award Allied World summary judgment against Mr. Grant. See Fed. R. Civ. P. 56(c) (summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law).

## II.    The Order of the Bankruptcy Court Should be Modified Due to Mr. Grant's Conviction and Sentencing.

At the time of the Bankruptcy Court's Order requiring Allied World to advance defense costs, Mr. Grant had not been sentenced for the crimes he committed. Now that he has, the factual circumstances that the Bankruptcy Court's Order was based upon have changed. It is no longer equitable for the Order to remain in force with regard to Mr. Grant.[5]  Indeed, it is clear that the claims for which Mr. Grant seeks coverage for under the Policy arose from or are attributable to the criminal and fraudulent acts for which he has been convicted. Therefore, coverage for those claims is barred by the Criminal Acts Exclusion of the Policy as a matter of law. See pp. 3-7.

Accordingly, this Court should modify the Bankruptcy Court's Order pursuant to Fed. R. Civ. P. 60(b)(5) and (6) so that Allied World no longer has any obligation to advance defense costs to Mr. Grant. See, e.g., Sierra Club, et al. v. United States Army Corps of Engineers, et al., 732 F.2d 253, 256 (2d Cir. 1984) (pursuant to Rule 60(b)(5), a court may relieve a party from an order where, based on a change in the factual circumstances surrounding a dispute, it is longer equitable that the order have prospective application); A. Nelson & Co. Ltd. v. Ellon USA, Inc., 1996 WL 288214, at *1 (S.D.N.Y. May 30, 1996) (to the same effect, and noting that the rule is applicable to situations in which the factual basis for an injunction changes). Mr. Grant's conviction and sentencing constitutes a "final determination" that there is no coverage for his claims under the Policy, relieving Allied World of its duty to advance defense costs.

---

[5] As noted in Allied World's initial summary judgment motion, Allied World also does not believe it should be obligated to advance defense costs to the Insureds any further due to the effect of the Prior Knowledge Exclusion of the Policy.

III.    Allied World Should be Reimbursed Immediately for the Defense Costs It Has
        Advanced to Mr. Grant.

Allied World advanced defense costs directly to Mr. Grant's attorneys under a
reservation of rights that such payments would be refunded once it was determined that the
claims asserted against Mr. Grant were not covered under the Allied World Policy. Mr. Grant's
sentencing on August 7, 2008 established that there is no coverage for the claims against him as
a matter of law. Thus, pursuant to Condition (D)(2) of the U.S. Specialty Policy, all defense
costs advanced on behalf of Mr. Grant pursuant to the Bankruptcy Court's Order must be repaid
to Allied World immediately. See IJX 26, at CONDITIONS (D)(2).

## CONCLUSION

The Criminal Acts Exclusion bars coverage for the claims asserted against Mr. Grant
under the Allied World Policy. Therefore, this Court should grant Allied World's motion for
summary judgment, as well as modify the Bankruptcy Court's Order accordingly. The Court
should further order that all defense costs previously advanced on behalf of Mr. Grant by Allied
World be repaid to it immediately.

Dated: September 4, 2008

Respectfully submitted,

        /s/ John D. Hughes
John D. Hughes (admitted *pro hac vice*)
Robert W. DiUbaldo (RD 4484)
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, New York 10022
(212) 308-4411

Attorneys for Defendant
Allied World Assurance Company (U.S.), Inc.

Robert W. DiUbaldo
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant
750 Lexington Avenue, 8th floor
New York, New York 10022
(212) 308-4411

Attorneys for Defendant Allied World Assurance Company (U.S.), Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                      :
JOSEPH MURPHY, et al.,                                :
                                                      :
Plaintiffs,                                           :
v.                                                    :
                                                      :    Case No. 1:08-cv-4196 (GEL) (KNF)
ALLIED WORLD ASSURANCE                                :
COMPANY (U.S.), INC. and ARCH                         :
INSURANCE COMPANY,                                    :
                                                      :
Defendants.                                           :
                                                      :
                                                      :
------------------------------------------------------x

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September 2008, I caused a copy of Allied World's

notice of motion and motion for summary judgment and to modify order, Rule 56.1 statement of

undisputed material facts, memorandum of law, and declaration of Robert W. DiUbaldo dated

September 4, 2008 to be sent by electronic mail to the following:

Michael Francis Walsh, Esq.
Weil Gotshal & Manges LLP
767 Fifth Avenue New York, NY 10153
(212) 310-8372
*Attorneys for Plaintiffs Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaekel, Thomas H. Lee, Ronald L. O Kelley, and Scott A. Schoen*

William A. Schreiner, Jr., Esq.

311382

Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, D.C. 20036
(202) 778-1858
*Attorneys for Plaintiff Tone Grant*

Laura L. Neish, Esq.
Zuckerman Spaeder LLP
1540 Broadway, Suite 1604
New York, NY 10036
(212) 704-9600
*Attorneys for Plaintiff Tone Grant*

Helen Kim, Esq.
Katten Muchin Rosenman, LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
(310) 788-4525
*Attorneys for Plaintiff Dennis Klejna*

John R. Jerome, Esq.
Timothy Hoeffner, Esq.
Saul Ewing, LLP
245 Park Avenue
24th Floor
New York, NY 10167
*Attorneys for Plaintiff Joseph Murphy*

Claire P. Gutekunst, Esq.
Proskauer Rose, LLP
1585 Broadway
New York, NY 10036
(212) 969-3421
*Attorneys for Plaintiff Richard N. Outridge*

Ivan Kline, Esq.
Friedman & Wittenstein, P.C.
600 Lexington Avenue
New York, NY 10022
(212) 750-8700
*Attorneys for Plaintiffs William M. Sexton and Gerald Sherer*

Richard Cashman, Esq.
Heller Ehrman, LLP
Times Square Tower
7 Times Square

311382                                    2

New York, NY 10036 (212) 847-8796
*Attorneys for Plaintiff Philip Silverman*

John H. Eickemeyer, Esq.
VEDDER PRICE P.C.
1633 Broadway, 47th Floor
New York, New York 10019
(212) 407-7700
*Attorneys for Defendant Arch Insurance Company*

Marc E. Rindner, Esq.
1776 K Street NW
Wiley Rein LLP
Washington, DC 20006
(202) 719-7486
*Attorneys for Defendant Arch Insurance Company*

William Fleming, Esq.
Gage Spencer & Fleming, LLP
410 Park Avenue
New York, NY 10022
(212) 768-4900

Robert DiUbaldo

Robert W. DiUbaldo