John D. Hughes (admitted *pro hac vice*)
Robert W. DiUbaldo
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant
750 Lexington Avenue, 8th floor
New York, New York 10022
(212) 308-4411

Attorneys for Defendant Allied World Assurance Company (U.S.), Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
:
JOSEPH MURPHY, et al.,                       :
:
      Plaintiffs,                             :
v.                                                          :
:
ALLIED WORLD ASSURANCE              :
COMPANY (U.S.), INC. and ARCH        :
INSURANCE COMPANY,                      :   Case No. 1:08-cv-4196 (GEL) (KNF)
:   *Electronically filed*
      Defendants.                           :
:
------------------------------------------------------x

### RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ALLIED WORLD'S MOTION FOR SUMMARY JUDGMENT AND TO MODIFY ORDER

Pursuant to Local Rule 56.1 for the Southern District of New York, Defendant Allied World Assurance Company (U.S.) Inc. ("Allied World") submits the following statement of undisputed material facts:

I.      The Relevant Policy Language

1.      U.S. Specialty[1] provided D&O liability insurance coverage to Refco for the period of August 11, 2005 to August 11, 2006. See Insurers' Joint Exhibits ("IJX"), at 26;[2]

---

[1] The defined terms in this motion shall have the same meaning as in Allied World's motion for summary judgment, which is pending before the Court.

311351

Declaration of Robert W. DiUbaldo dated July 11, 2008 in support of Allied World's motion for summary judgment ("DiUbaldo Decl."), Ex. A., at ¶35.[3]

2. The U.S. Specialty Policy excludes coverage for any claim "arising out of, based upon or attributable to the commission by any Insured of any criminal or deliberately fraudulent or dishonest act; provided, that this [Exclusion] will apply only if there has been a final adjudication adverse to such Insured establishing that the Insured so acted." See IJX 26, at EXCLUSIONS (B) (the "Criminal Acts Exclusion").

3. The U.S. Specialty Policy further provides that once it is "finally determined that any Defense Costs paid by the Insurer are not covered under this Policy, the Insureds agree to repay such non-covered Defense Costs to the Insurer." Id. at CONDITIONS (D) (2).

4. Absent a conflict, the Allied World Policy follows form to the U.S. Specialty Policy, and thus incorporates its terms, conditions and exclusions. See IJX 29, at INSURING AGREEMENT.

5. The Allied World Policy does not, under any circumstances, provide broader coverage than that which is provided by any underlying policies in the Refco tower, including the U.S. Specialty Policy. Id.

II.     The Underlying Actions and Criminal Proceeding Involving Mr. Grant

6. Numerous Underlying Actions were commenced against Mr. Grant due to his involvement in the collapse of Refco. See IJX 1, 6-7, 9, 12, 14.

7. Each of those Underlying Actions arose from and are attributable to a common set of facts and circumstances—namely that Mr. Grant, Phillip R. Bennett and others engaged in a

---

[2] IJX refers to the joint exhibits filed by Allied World in support of its motion for summary judgment against the Insureds. Those exhibits are incorporated by reference into this motion.

[3] The Declaration of Robert W. DiUbaldo and attached exhibits filed in support of Allied World's motion for summary judgment against the Insureds are also incorporated by reference into this motion.

311351                                                 2

scheme to conceal the existence of the Refco Receivable by engaging in certain fraudulent and criminal acts to deceive Refco's investors, lenders, the public and regulators. See, e.g., IJX 1 at ¶¶1, 3-7, 9-10, 12, 428-587; IJX 6 at ¶¶2-5, 7, 25, 28-29, 72-73, 109, 366-371, 375, 380; IJX 7 at ¶¶1-5, 56-81; IJX 9 at ¶¶ intro, 1-5, 13, 59-93; IJX 12 at ¶¶1, 6-8, 151, 193-99, 212-243; IJX 14 at ¶¶1-6, 8, 30-37, 45, 47, 51.

8. Mr. Grant has sought coverage under the Allied World Policy for most of these actions. See DiUbaldo Decl., dated July 11, 2008, Ex. A.

9. A criminal proceeding was also commenced against Mr. Grant. See IJX 19.

10. Like the Underlying Actions, the allegations asserted against Mr. Grant in the criminal proceeding revolved around the fraudulent scheme to conceal the Refco Receivable. See citations in ¶¶11-13 below.

11. Specifically, the S4 indictment alleged that from the early to mid 1990s, Mr. Grant and Mr. Bennett "schemed to hide the true financial health of Refco" by: (a) making "false and fraudulent statements to" defraud Refco's banks, investors, the public and auditors; and (b) filing false statements with the SEC in order to conceal the Refco Receivable. Id., ¶¶6-8, 12-13, 32-33, 34-37, 54-68.

12. The indictment detailed Mr. Grant's role in the fraudulent transactions that were used to hide the Refco Receivable and Refco's unlawful use of customer funds to conceal its losses. Id., ¶¶15-17, 19-26, 59, 67-68.

13. It stated that, following the announcement of the discovery of the Refco Receivable, "the market price of Refco stock plummeted, resulting in a loss of well more than $1 billion in market capitalization." Id., ¶52.

14. Mr. Grant also sought coverage from Allied World for the criminal proceeding. See DiUbaldo Decl., dated July 11, 2008, Ex. A.

15. On April 17, 2008, Mr. Grant was convicted by a jury of all five counts alleged against him relating to his involvement in the scheme to conceal the Refco Receivable: conspiracy, securities fraud, bank fraud, wire fraud and money laundering. See IJX 24, at 3095-3097.

16. Mr. Grant was sentenced to ten years in prison on August 7, 2008. See Declaration of Robert W. DiUbaldo dated September 4, 2008 in support of Allied World's motion for summary judgment and to modify order ("DiUbaldo Decl."), Ex. A.

17. The judgment of conviction was entered by Honorable Naomi Reice Buchwald on August 22, 2008. Id., Ex. B.

18. Each of the claims for which Mr. Grant seeks coverage under the Policy arose from, are based upon or attributable to the criminal and fraudulent acts that he was convicted of committing. See IJX 19 at ¶¶6-8, 12-13, 15-17, 19-26, 32-33, 34-37, 54-68.

19. Allied World has denied coverage for these claims against Mr. Grant based upon, among other things, the Criminal Acts Exclusion. See DiUbaldo Decl., dated September 4, 2008, Ex. C at ¶92.

III.   The Bankruptcy Court Orders Allied World to Advance Defense Costs

20. Prior to Mr. Grant's conviction, on March 13, 2008, certain Insureds (including Mr. Grant) moved the United States Bankruptcy Court for the Southern District of New York for a preliminary injunction requiring Allied World to advance defense costs for the Underlying Actions and the criminal proceeding. See DiUbaldo Decl., dated July 11, 2008, at Ex. G.

21. The Bankruptcy Court ordered Allied World to advance defense costs to Mr. Grant. Id. at 3.

22. Following that Order, Allied World made six advancements totaling $1,328,058.57 to Mr. Grant's attorneys through wire transfers directly to their accounts. See, e.g., DiUbaldo Decl., dated September 4, 2008, at Exs. D & E and ¶8.

23. Allied World made these payments under a reservation of rights because it believed that the claims asserted against the Insureds, including Mr. Grant, were not covered under the Policy. Id., Ex. D.

24. Further, Allied World informed all of the Insureds, as well as their attorneys, that Allied World would seek repayment of the defense costs advanced upon a determination that there was no coverage for these claims. Id.

Dated: September 4, 2008           Respectfully submitted,

                                   _____/s/ John D. Hughes_____
                                   John D. Hughes (admitted *pro hac vice*)
                                   Robert W. DiUbaldo (RD 4484)
                                   Edwards Angell Palmer & Dodge LLP
                                   750 Lexington Avenue
                                   New York, NY 10022
                                   (212) 308-4411

                                   Attorneys for Defendant
                                   Allied World Assurance Company (U.S.), Inc.

Robert W. DiUbaldo
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant
750 Lexington Avenue, 8th floor
New York, New York 10022
(212) 308-4411

Attorneys for Defendant Allied World Assurance Company (U.S.), Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
:
JOSEPH MURPHY, et al.,                              :
                                                    :
Plaintiffs,                                         :
v.                                                  :
                                                    :   Case No. 1:08-cv-4196 (GEL) (KNF)
ALLIED WORLD ASSURANCE                              :
COMPANY (U.S.), INC. and ARCH                       :
INSURANCE COMPANY,                                  :
                                                    :
Defendants.                                         :
                                                    :
                                                    :
---------------------------------------------------x

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of September 2008, I caused a copy of Allied World's notice of motion and motion for summary judgment and to modify order, Rule 56.1 statement of undisputed material facts, memorandum of law, and declaration of Robert W. DiUbaldo dated September 4, 2008 to be sent by electronic mail to the following:

Michael Francis Walsh, Esq.
Weil Gotshal & Manges LLP
767 Fifth Avenue New York, NY 10153
(212) 310-8372
*Attorneys for Plaintiffs Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaekel, Thomas H. Lee, Ronald L. O Kelley, and Scott A. Schoen*

William A. Schreiner, Jr., Esq.

311382

Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, D.C. 20036
(202) 778-1858
*Attorneys for Plaintiff Tone Grant*

Laura L. Neish, Esq.
Zuckerman Spaeder LLP
1540 Broadway, Suite 1604
New York, NY 10036
(212) 704-9600
*Attorneys for Plaintiff Tone Grant*

Helen Kim, Esq.
Katten Muchin Rosenman, LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
(310) 788-4525
*Attorneys for Plaintiff Dennis Klejna*

John R. Jerome, Esq.
Timothy Hoeffner, Esq.
Saul Ewing, LLP
245 Park Avenue
24th Floor
New York, NY 10167
*Attorneys for Plaintiff Joseph Murphy*

Claire P. Gutekunst, Esq.
Proskauer Rose, LLP
1585 Broadway
New York, NY 10036
(212) 969-3421
*Attorneys for Plaintiff Richard N. Outridge*

Ivan Kline, Esq.
Friedman & Wittenstein, P.C.
600 Lexington Avenue
New York, NY 10022
(212) 750-8700
*Attorneys for Plaintiffs William M. Sexton and Gerald Sherer*

Richard Cashman, Esq.
Heller Ehrman, LLP
Times Square Tower
7 Times Square

311382                                2

New York, NY 10036 (212) 847-8796
*Attorneys for Plaintiff Philip Silverman*

John H. Eickemeyer, Esq.
VEDDER PRICE P.C.
1633 Broadway, 47th Floor
New York, New York 10019
(212) 407-7700
*Attorneys for Defendant Arch Insurance Company*

Marc E. Rindner, Esq.
1776 K Street NW
Wiley Rein LLP
Washington, DC 20006
(202) 719-7486
*Attorneys for Defendant Arch Insurance Company*

William Fleming, Esq.
Gage Spencer & Fleming, LLP
410 Park Avenue
New York, NY 10022
(212) 768-4900

 _____
 Robert W. DiUbaldo