UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH MURTHY,<br><br>      Plaintiff,<br><br>v.<br><br>ALLIED WORLD ASSURANCE COMPANY (U.S.), INC. and ARCH INSURANCE COMPANY,<br><br>      Defendants. | No. 1:08-cv-4196 (GEL)(KNF)<br>Referred to Special Master (RJH)<br><br>ORDER ON MOTION OF DEFENDANT ALLIED WORLD ASSURANCE COMPANY (U.S.), INC. FOR LEAVE TO AMEND ANSWER TO ASSERT COUNTERCLAIM |

<u>HEDGES, SPECIAL MASTER</u>

  I have reviewed the papers submitted in support of and in opposition to this motion. I heard oral argument on November 4, 2009. I have also considered the post-argument submissions of the parties.

  Attached hereto are the Joint Findings of Fact, which I adopt. I also adopt the Proposed Conclusions of Law submitted by the plaintiffs-insureds, which are also attached. The motion is DENIED.

  I do so because I consider myself bound by the effect of the filing of the Notice of Appeal <u>sub judice</u>. I emphasize, however, that the moving party is otherwise entitled to the relief it seeks, there being no other basis in fact or law to deny the amendment. I also note the moving party's concern that, should it be required to institute a *new* civil action to recoup its advanced costs and fees, the plaintiffs-insureds might raise an affirmative defense of lack of personal jurisdiction. As I stated at oral argument, any such assertion would appear to raise severe Rule 11 issues.

Finally, I reject the moving party's argument that the plaintiffs-insureds be required to post a bond pending appeal. I have no basis to conclude that a bond is necessary to protect the moving party's rights.[*]

*[signature]*
Ronald J. Hedges
Special Master

---

[*] The plaintiffs-insureds are directed, within 10 days of the filing hereof, to execute and deliver to the moving party appropriate undertakings.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
:
JOSEPH MURPHY, et al.,                    :
:   Case No. 1:08-cv-4196 (GEL) (KNF)
Plaintiffs,             :   Referred to Special Master (RJH)
:
v.                                        :
:
ALLIED WORLD ASSURANCE         :
COMPANY (U.S.), INC. and ARCH   :
INSURANCE COMPANY,              :
:
Defendants.             :
:
------------------------------------------------------x

## JOINT FINDINGS OF FACT

Defendant Allied World Assurance Company (U.S.), Inc. ("Allied World") and the plaintiffs-Insureds (the "Insureds") submit these Joint Findings of Fact related to Allied World's motion for leave to serve and file an amended Answer in this action.

1. Allied World is the third excess insurer in the Refco[1] D&O tower for the 2005-06 policy period.

2. Allied World denied coverage for the Underlying Actions based upon, among other things, a Prior Knowledge Exclusion alleged to be part of its Policy.

3. This case began on March 12, 2008, when the Insureds filed a complaint in an adversary proceeding in the United States Bankruptcy Court for the Southern District of New York, and moved for, among other things, a preliminary injunction requiring Allied World to advance defense costs for certain Underlying Actions.

---

[1] Incorporated into the Joint Findings of Fact are the defined terms set forth in the parties' briefing in support of and in opposition to Allied World's motion for leave to amend its Answer to include a counterclaim.

4. On April 21, 2008, the Bankruptcy Court ordered Allied World to advance defense costs pending a determination as to whether there was coverage for the Underlying Actions under the Allied World Policy.

5. On April 24, 2008, the Insureds filed a First Amended Complaint in the adversary proceeding.[2]

6. On May 2, 2008, Allied World moved in the District Court to withdraw the reference to the Bankruptcy Court for the case, which was consented to by the Insureds.

7. On May 29, 2008, Allied World filed an answer to the First Amended Complaint in the Bankruptcy Court.

8. On June 4, 2008, Allied World's motion to withdraw the reference was granted, removing this entire action to the District Court.

9. On June 17, 2008, Allied World filed an Amended Answer in the District Court.

10. On July 11, 2008, Allied World moved for summary judgment on the grounds that there was no coverage for the Underlying Actions as a matter of law based upon its Policy's Prior Knowledge Exclusion.

11. Allied World ultimately advanced the entire $12.5 million limit of its Policy before its summary judgment motion was ruled upon by this Court.

12. On March 2, 2009, the District Court issued an Opinion and Order (the "March 2 Opinion and Order") that granted Allied World's motion for summary judgment, finding that there was no coverage under the Allied World Policy for the

---

[2] Among other things, the First Amended Complaint added Arch Insurance Company ("Arch"), the fourth excess insurer in the Refco D&O tower, as a defendant. Arch was subsequently granted summary judgment dismissing the claims against it, and there are no claims or motions involving Arch pending in the action.

Underlying Actions. The March 2 Opinion and Order resolved all claims that were pending in this action.

13. After the Court's ruling on summary judgment, Allied World wrote to the Insureds demanding reimbursement of the entire $12.5 million in defense costs advanced to them for the Underlying Actions pursuant to Condition D(2) of the underlying U.S. Specialty Policy, to which the Allied World Policy follows form.

14. The Insureds have not repaid Allied World any defense costs advanced to them for the Underlying Actions, and contend that their obligation to repay amounts advanced to them has not yet been triggered as it has not been "finally determined" that there is no coverage under the Allied World Policy.

15. On March 16, 2009, certain Insureds moved for reconsideration of the Court's March 2nd Opinion and Order granting Allied World's summary judgment motion.

16. A notice of appeal of the March 2nd Opinion and Order was thereafter filed by the Insureds on April 2, 2009.

17. On April 14, 2009, Allied World moved in this Court for leave to serve and file an Amended Answer that includes a counterclaim against the Insureds for recoupment of the defense costs previously advanced to them.

18. Allied World's motion for leave to amend was fully briefed on May 18, 2009.

19. The motion for reconsideration filed by certain of the Insureds was denied by the District Court on May 29, 2009.

20. On June 18, 2009, Allied World moved in the United States Court of Appeals for the Second Circuit to stay the Insureds' appeal of the March 2 Opinion and Order.

21. One of the bases upon which Allied World moved to stay the appeal was the fact that its motion for leave to file an Amended Answer was pending in the District Court.

22. Allied World's motion to stay the appeal was fully briefed as of July 16, 2009, and remains pending before the Second Circuit.

23. The Insureds' appeal from the March 2 Opinion and Order was fully briefed as of November 6, 2009, and remains pending before the Second Circuit.

Dated: November 16, 2009
New York, NY

_____
John D. Hughes, Esq. (admitted pro hac vice)
Robert W. DiUbaldo, Esq.
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, NY 10022
Tel: (212) 308-4411
jhughes@eapdlaw.com
rdiubaldo@eapdlaw.com

*Attorneys for Defendant Allied World*

_____
Helen B. Kim, Esq.
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90027
Tel: (310) 788-4525
helen.kim@kattenlaw.com

Philip A. Nemecek, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022-2585
Tel: (212) 940-8834
philip.nemecek@kattenlaw.com

*Attorneys for Plaintiff Dennis A. Klejna*

_____
John J. Jerome, Esq.
Saul Ewing LLP
245 Park Avenue, 24th Floor
New York, NY 10167
Tel: (212) 672-1996
jjerome@saul.com

*Attorneys for Plaintiff Joseph Murphy*

_____
Greg A. Danilow, Esq.
Michael F. Walsh, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
michael.walsh@weil.com

*Attorneys for Plaintiffs Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald L. O'Kelley, and Scott A. Schoen*

_____
Larry H. Krantz, Esq.
David V. Kirby, Esq.
Krantz & Berman LLP
747 Third Avenue, 32nd Floor
New York, NY 10017
Tel: (212) 661-0009
lkrantz@krantzberman.com
dkirby@krantzberman.com

*Attorneys for Plaintiff Philip Silverman*

_____
Ivan Kline, Esq.
Jonathan Daugherty, Esq.
Friedman & Wittenstein
A Professional Corporation
600 Lexington Avenue
New York, NY 10022
Tel: (212) 750-8700
ikline@friedmanwittenstein.com

*Attorneys for Plaintiffs William M. Sexton and Gerald M. Sherer*

_____
Claire P. Gutekunst, Esq.
Jessica Mastrogiovanni, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299
Tel: (212) 969-3000
cgutekunst@proskauer.com

*Attorneys for Plaintiff Richard N. Outridge*

_____
William Fleming, Esq.
Gage Spencer & Fleming, LLP
410 Park Avenue, 9th Floor
New York, NY 10022
Tel: (212) 768-4900
wfleming@gagespencer.com

*Attorneys for Nominal Defendants John D. Agoglia and Peter McCarthy*

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
JOSEPH MURPHY, et al.,                                 :
                                                       :   Case No. 1:08-cv-4196 (GEL) (KNF)
           Plaintiffs,                                 :   Referred to Special Master (RJH)
v.                                                     :
                                                       :
ALLIED WORLD ASSURANCE                                 :
COMPANY (U.S.), INC. and ARCH                          :
INSURANCE COMPANY,                                     :
                                                       :
           Defendants.                                 :
                                                       :
-------------------------------------------------------x

## PROPOSED CONCLUSIONS OF LAW

The plaintiffs-Insureds (the "Insureds") submit these proposed Conclusions of Law in connection with defendant Allied World Assurance Company (U.S.), Inc.'s ("Allied World") motion for leave to serve and file an amended Answer in this action.

1. "As a general matter, a notice of appeal 'divests the district court of its control over those aspects of the case involved in the appeal.'" May v. Sheahan, 226 F.3d 876, 879 (7th Cir. 2000) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)).

2. "Under this rule, the district court retains jurisdiction to act only if the order being appealed or the proceeding before the district court is a discrete matter ancillary to the issues under consideration in the other court." May v. Sheahan, 226 F.3d 876, 879 (7th Cir. 2000).

3. Two exceptions to this rule have been recognized: The district court may act to assist the court of appeals in the exercise of its jurisdiction. Davis v. United States, 667 F.2d 822, 824 (9th Cir. 1982). The district court may also retain jurisdiction under specific statutory authority. Id. (citing Fed. R. App. P. 4(a)(4)).

4.	A motion for leave to amend a pleading does not fall within either of the two recognized exceptions to this rule. Davis v. United States, 667 F.2d 822, 824 (9th Cir. 1982) (citing Segal v. Gordon, 467 F.2d 602, 608 n.12 (2d Cir. 1972)); Asher v. Harrington, 461 F.2d 890, 895 (7th Cir. 1972)). See also May v. Sheahan, 226 F.3d 876, 879-80 (7th Cir. 2000).

5.	Allied World's proposed amendment to its answer, for the purpose of asserting a counterclaim, is not a "discrete matter ancillary to the issues under consideration in the other court." To the contrary, its proposed claim for recoupment of defense costs and fees is directly related to the issue on appeal – i.e., whether Allied World has a legal obligation under its policy to provide coverage to the Insureds. In fact, if the Insureds' appeal is successful, Allied World's proposed counterclaim would be rendered moot.

6.	Accordingly, the district court lacks jurisdiction to rule on Allied World's motion to file an amended answer and counterclaim. See Segal v. Gordon, 467 F.2d 602, 608 n.12 (2d Cir. 1972) (following appeal of dismissal of complaint, district court had no jurisdiction to permit amendment to complaint); May v. Sheahan, 226 F.3d 876, 879-881 (7th Cir. 2000) (interlocutory appeal from order refusing to dismiss complaint divests district court of power to accept amended complaint); Davis v. United States, 667 F.2d 822, 824 (7th Cir. 1982) (after dismissal of complaint had been appealed, district court lacked jurisdiction to deny leave to amend complaint); Asher v. Harrington, 461 F.2d 890, 895 (7th Cir. 1972) (when motion to amend is pending at time notice of appeal is filed, district court lacks jurisdiction to rule on motion and circuit court will consider right to amend when it considers appeal.); Dayton Independent School Dist. v. U.S. Mineral Products, Inc., 906 F.2d 1059, 1063-64 (5th Cir. 1990) (district court lacked authority to allow plaintiffs to file amended complaint). See also 20 Moore's Federal Practice, § 303.32[2][a] at p.303-74 n.9 ("After a notice of appeal is timely filed

2

... it has been held improper for the district court to ... rule on a motion to amend or supplement the pleadings").

7.  Even if the district court had jurisdiction to grant Allied World's motion, it would be an improvident exercise of discretion to do so in view of the potential impact on the Insureds' appeal. If Allied World were granted leave to assert a counterclaim, upon its doing so the March 2, 2009 Opinion and Order appealed from would no longer be dispositive of all clams in this action, and thus would likely not be appealable unless there were also a directive for entry of a final judgment on the Insureds' claims in accordance with Fed. R. Civ. Pro. 54(b). See, e.g., Pandrol USA LP v. Airboss Railway Products, Inc., 320 F. 3d 1354, 1362 (Fed. Cir. 2003) (if a counterclaim remained pending, then order granting defendants summary judgment dismissing plaintiffs' claims would not be an appealable final judgment); Bodden v. Osgood, 879 F. 2d 184, 186-87 (5th Cir. 1989) (summary judgment order that does not dispose of all claims is appealable only if requirements of Rule 54(b) are met).

Dated:  November 16, 2009
        New York, NY

/s/ Helen B. Kim
Helen B. Kim, Esq.
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90027
Tel: (310) 788-4525
helen.kim@kattenlaw.com

Philip A. Nemecek, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022-2585
Tel: (212) 940-8834
philip.nemecek@kattenlaw.com

*Attorneys for Plaintiff Dennis A. Klejna*

3

/s/ John J. Jerome
John J. Jerome, Esq.
Saul Ewing LLP
245 Park Avenue, 24th Floor
New York, NY 10167
Tel: (212) 672-1996
jjerome@saul.com

*Attorneys for Plaintiff Joseph Murphy*

/s/ Michael F. Walsh
Greg A. Danilow, Esq.
Michael F. Walsh, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
michael.walsh@weil.com

*Attorneys for Plaintiffs Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald L. O'Kelley, and Scott A. Schoen*

/s/ Larry H. Krantz
Larry H. Krantz, Esq.
David V. Kirby, Esq.
Krantz & Berman LLP
747 Third Avenue, 32nd Floor
New York, NY 10017
Tel: (212) 661-0009
lkrantz@krantzberman.com
dkirby@krantzberman.com

*Attorneys for Plaintiff Philip Silverman*

/s/ Ivan Kline
Ivan Kline, Esq.
Jonathan Daugherty, Esq.
Friedman & Wittenstein
A Professional Corporation
600 Lexington Avenue
New York, NY 10022
Tel: (212) 750-8700
ikline@friedmanwittenstein.com

*Attorneys for Plaintiffs William M. Sexton and Gerald M. Sherer*

/s/ Claire P. Gutekunst
Claire P. Gutekunst, Esq.
Jessica Mastrogiovanni, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299
Tel: (212) 969-3000
cgutekunst@proskauer.com

*Attorneys for Plaintiff Richard N. Outridge*

/s/ William Fleming
William Fleming, Esq.
Gage Spencer & Fleming, LLP
410 Park Avenue, 9th Floor
New York, NY 10022
Tel: (212) 768-4900
wfleming@gagespencer.com

*Attorneys for Nominal Defendants John D. Agoglia and Peter McCarthy*

4